MARY J. AGO *vs.* ISRAEL CANNER.

Suffolk. December 11, 1896. — January 9, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Unauthorized Sale of Wife's Personal Property by Husband.*

The acts of a husband in selling his wife's personal property during her absence, under an assurance to the purchaser that she is dead, do not deprive her of her title, or of her right to maintain an action to enforce it.

TORT, for the conversion of certain household goods, alleged to be the property of the plaintiff. Trial in the Superior Court,

without a jury, before *Mason*, C. J., who allowed a bill of exceptions, in substance as follows.

While the plaintiff was away on a visit, she left the property in question on the premises hired by her husband, who, being in sole possession, went to the defendant, told him that his wife had been dead for three months, and asked him to sell his household property. Thereupon he took the defendant to the premises, showed him the property, and then sold and delivered it to the defendant, who took possession, moved the property to his store in Boston, and sold it, the defendant having no knowledge of the wife's existence until a week afterwards, and after a part of the goods so purchased had been sold.

The defendant offered to show that the husband of the plaintiff had reduced the personal property sued for to his own possession, and then sold the same to the defendant. The judge ruled that this would constitute no defence to the action, and the defendant excepted.

The defendant also requested the judge to rule that a husband has a right to reduce the personal property of the wife to his possession, and the property then becomes the property of the husband; and that the act of the husband in selling and delivering the property to the defendant was a reduction to his possession, and conveyed a good title to the defendant. The judge declined so to rule, and the defendant excepted.

The defendant further requested the judge to rule that, the husband having sold the personal property and delivered it to the defendant, the defendant acquired a good title, and that the action could not be maintained. The judge declined so to rule; and the defendant excepted.

*H. D. Gove & J. M. Gove*, (*F. W. Fancher* with them,) for the defendant, submitted the case on a brief.

*C. F. Appleton Smith*, for the plaintiff.

ALLEN, J. The property belonged to the plaintiff. Her title to it was never lost. In this Commonwealth, a husband no longer has a right to make his wife's personal property his own, by reducing it to his own possession. Her husband's acts did not deprive her of her title, or of her right to maintain an action to enforce her title. Pub. Sts. c. 147, § 1. *McCowan* v. *Donaldson*, 128 Mass. 169. *Pacific National Bank* v. *Windram*, 133

Mass. 175.   *Butler* v. *Ives,* 139 Mass. 202.   *Harmon* v. *Old Colony Railroad,* 165 Mass. 100.

                    *Exceptions overruled, with double costs.*