AZADOUHI HOVANESIAN *vs.* MARY BOYAJIAN.

LUCY KASARJIAN *vs.* SAME.

ANNA HOVANESIAN *vs.* SAME.

HAGOP YAGHSIZIAN *vs.* SAME.

LUCY YAGHSIZIAN *vs.* SAME.

Middlesex.   Suffolk.   November 4, 1936. — December 2, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil,* Exceptions, Opening statement to jury, Discretionary
control of evidence, New trial. *Evidence,* Competency. *Witness,*
Direct examination, Credibility.

Even if a reference to race by counsel for the defendant in his opening
to the jury referred to the plaintiff and might have been thought by
the jury to have been disparaging, the plaintiff suffered no harm in
view of instructions to the jury to "make certain" that the reference
did not prejudice the plaintiff.

A trial judge in his discretion may admit leading questions in direct
examination of a witness.

A statement in writing in the English language, which a party admitted
he had signed, properly was admitted in evidence on the question of
his credibility, although he testified that he could neither read nor
write English.

An exception to the denial of a motion for a new trial was overruled
where no abuse of discretion appeared and no other question of law
was presented.

FIVE ACTIONS OF TORT.   Writs in the Superior Court
dated August 7, 1931.

The actions were tried together before *O'Connell,* J.

The exception by the plaintiffs to the reference to Arme-
nians in the opening statement to the jury by the defend-
ant's counsel was "to the reference made by counsel for the
defendant in respect to the use of the word Armenian as
descriptive of the nationality" of the parties.

The testimony of the plaintiff Anna Hovanesian respecting the signed statement referred to in the opinion was "that while she signed the statement of the insurance company, she can neither read nor write English and never attended school in this country . . . that she could not read a word of the statement she signed." The trial judge in charging the jury read from the statement that the plaintiff Lucy Kasarjian and the plaintiff Anna Hovanesian both signed under the sentence: "I have read this statement to Mrs. Anna Hovanesian, she says it is true," and instructed the jury: "Take that statement as made, the testimony which is before you, and utilize that . . . to assist you in saying, does that affect the credibility of either or both of those parties, both of whom are plaintiffs." The plaintiffs' counsel saved an exception to the admission of the statement in evidence, but not to any portion of the charge.

There was a verdict for the defendant in each action. The plaintiffs alleged exceptions.

*B. Ginsburg,* for the plaintiffs.

*S. P. Sears,* (*E. R. Langenbach* with him,) for the defendant.

QUA, J. These actions for personal injury and property damage all arise out of a collision between two automobiles on the Newburyport Turnpike, so called, at Rowley. The operators and passengers of both automobiles were friends who were travelling to Old Orchard, Maine, to spend the day.

In his opening to the jury counsel for the defendant said, "I think John Boyajian, the husband, will testify substantially as his wife does . . . look these people over. They are Armenians . . . They are friends . . . I ask you to look these people over, that they were Armenians, that they are friends of these plaintiffs, that one of them is related if you call it a relation. Find out where their interest would be in this case in telling the truth, whether it would be to help their case or the case of their friends and distant relatives. Study them as you will, see if they have a regard for the truth, and then later counsel will argue the case to you." Upon objection by counsel for the plain-

tiffs on the ground that this was an appeal to race prejudice
the judge said that there had been frequent mention during
the trial of Armenian nationality, that it was not intended
to be prejudicial and instructed the jury that the reference
was simply "descriptive of the nationality of the parties"
and that it was not to be considered in any way prejudicial.
Later, in his charge, the judge again referring to the matter
instructed the jury as follows: "I instruct you, gentlemen,
that that is simply a reference to the parties, their racial
origin, and in no way to be considered as prejudicial. The
attorney for the defendant said it was not intended to be
prejudicial, that that was not in his mind. It was simply
a familiar reference to his own client. Of course, as you
gentlemen have observed the parties were all of one racial
group, and it therefore cannot be said that there is a dis-
tinction as between them by any reference to racial groups.
However, take the reference as you believe it was intended,
in such manner as you believe it was intended, and then
make certain, no matter how it was intended, that it does
not operate to the prejudice of either the plaintiffs as a
whole, or any particular plaintiff, or the defendant."

It would seem from the record that the "Armenians"
referred to in the remarks of the defendant's counsel were
the defendant herself and her husband, and it also appears
that this was the understanding of the judge at the time,
but even if the jury might have understood that the refer-
ence was to the plaintiffs, or to all of the parties alike, and
even if it might be thought to carry some flavor of race
disparagement, which we do not imply, the plaintiffs suf-
fered no harm in view of the instructions of the judge,
particularly his positive direction in the charge that the
jury should "make certain" that the incident did not oper-
ate to the plaintiffs' prejudice. *O'Connell* v. *Dow*, 182
Mass. 541, 548. *Guinan* v. *Famous Players-Lasky Corp.*
267 Mass. 501, 523. *Gartland* v. *Freeman*, 277 Mass. 520,
522. The present case is distinguishable from *London* v.
*Bay State Street Railway*, 231 Mass. 480, where the instruc-
tions were held inadequate to cure the harm done.

The remaining exceptions require little discussion. A

trial judge may in his discretion admit leading questions in direct examination. *Commonwealth* v. *Barber,* 261 Mass. 281, 288. The signed statement of the plaintiff Anna Hovanesian was competent against her as an admission, even though she testified that she could not read English. It does not appear that when the statement was admitted any request was made that it be limited in its application to the case of that particular plaintiff, or to any particular purpose. At the close of the evidence it was too late to request such a limitation as a matter of right. *Solomon* v. *Dabrowski,* 295 Mass. 358. No exception was taken to the instructions actually given on this point. The denial of the motion for new trial involved no ruling of law or abuse of discretion. *Malden Trust Co.* v. *Perlmuter,* 278 Mass. 259.

*Exceptions overruled.*