ENES GUIFFRE *vs.* LEO CARAPEZZA.

Suffolk.  October 6, 1937. — November 29, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Witness,* Refreshment of recollection, Direct examination, Cross-examination. *Practice, Civil,* Discretionary control of evidence. *Conversion. Husband and Wife.*

A witness was properly allowed to refresh his recollection from a list of goods, without first attempting to remember all the items unaided, though the list did not give him a present recollection of the items but only a recognition that he knew the list to be true when he examined it at an earlier time.

A paper need not have been made in the regular course of business to be used to refresh a witness's recollection.

The admission of leading questions in direct examination of a witness, and the exclusion, in cross-examination of another witness, of questions as to collateral matters intended to test that witness's knowledge and memory, were within the discretionary power of the trial judge.

An admission by a defendant to the plaintiff that "I have your stuff" was some evidence of a conversion of goods by the defendant.

A husband could not pass to an innocent purchaser title to household furniture of his wife.

TORT. Writ in the Superior Court dated June 24, 1932.

The action was tried before *Beaudreau*, J. There was a verdict for the plaintiff in the sum of $1,950. The defendant alleged exceptions.

*H. H. Davis*, for the defendant.

*T. B. Shea*, (*W. R. Scharton* with him,) for the plaintiff.

LUMMUS, J.   The plaintiff obtained a verdict against the husband of her deceased husband's sister for the conversion of forty-nine items of household goods. The plaintiff was properly allowed to "refresh" her memory from her list of the goods, even though, as the defendant contends, the sight of the list created no present recollection but only a recognition that she knew the list to be true when she examined it at an earlier time. It was not necessary that the list should have been made in the regular course of business. *Shove* v. *Wiley*, 18 Pick. 558, 561. *Alvord* v. *Collin*, 20 Pick. 418, 430, 431. *Bunker* v. *Shed*, 8 Met. 150, 153. *Coffin* v. *Vincent*, 12 Cush. 98. *Crittenden* v. *Rogers*, 8 Gray, 452, 454. *Dugan* v. *Mahoney*, 11 Allen, 572. *Morrison* v. *Chapin*, 97 Mass. 72, 76, 77. *Commonwealth* v. *Ford*, 130 Mass. 64, 66. *Costello* v. *Crowell*, 133 Mass. 352, 355. *Mayberry* v. *Holbrook*, 182 Mass. 463. *Holden* v. *Prudential Ins. Co.* 191 Mass. 153, 157, 158. *Jaquith* v. *Morrill*, 204 Mass. 181, 189. *Gurley* v. *Springfield Street Railway*, 206 Mass. 534, 538. *Kaplan* v. *Gross*, 223 Mass. 152, 156. Compare Wigmore, Evidence (2d ed.) §§ 736, 747. Neither was it necessary for the witness to attempt the feat of remembering all the items unaided before resorting to the list. Wigmore, Evidence (2d ed.) § 738.

The plaintiff's mother testified that she bought for the plaintiff goods which, she understood, were included in the list, though she could not read it. Counsel for the plaintiff was permitted, subject to the defendant's exception, to read to the witness, one by one, the items on the list, and to ask her whether she bought the particular item for the plaintiff. The questions were undoubtedly leading, in that they involved a higher degree of suggestion to the witness than ought ordinarily to be allowed in direct exam-

ination. ` Wigmore, Evidence (2d ed.) §§ 769, 772. But where a witness is immature, disconcerted, unable to bring to mind the fact in response to the stimulus of a question in the customary form, or for other reason difficult to examine in the usual manner, a judge may permit counsel to bring out what his witness knows by questions that involve such a degree of suggestion as appears to be necessary. *Moody* v. *Rowell*, 17 Pick. 490, 498. *Gray* v. *Kelley*, 190 Mass. 184, 187. This should be left for the most part to the wisdom and discretion of the trial judge instead of being restricted by the mechanical operation of inflexible rules. *Commonwealth* v. *Dorr*, 216 Mass. 314, 318. *Commonwealth* v. *Dies*, 248 Mass. 482, 488. *Hovanesian* v. *Boyajian*, 296 Mass. 165, 168. We are aware of no decision in this Commonwealth in which exceptions have been sustained because of the allowance of leading questions. *Green* v. *Gould*, 3 Allen, 465, 466. In the present case the record does not negative the existence of some good reason for the allowance of them. No error of law is shown.

In cross-examination of the plaintiff, the defendant asked her about the value of other goods in her house, not included in the declaration, for the purpose of testing her knowledge and memory of the goods included in the declaration. The judge excluded this line of inquiry, and the defendant excepted. There was no error. The scope of cross-examination as to irrelevant and collateral matters is largely discretionary with the trial judge. *Kenyon* v. *Hathaway*, 274 Mass. 47, 49.

The plaintiff testified that her husband's father and mother, who lived in the same house, had demanded and obtained from her a key to her apartment; that later she found that all the goods included in the declaration had disappeared from her apartment; and that when she went to the defendant's house he ordered her away, saying, "I have your stuff. . . . You aren't going to get one thing that belongs to my brother-in-law." Upon this evidence the refusal of an instruction that there was no evidence of a conversion by the defendant was proper. A second requested instruction that the plaintiff's husband could have

passed title to some of the plaintiff's goods to the defendant as an innocent purchaser, was not sound in law. *Ago* v. *Canner*, 167 Mass. 390. Other exceptions have not been argued.

*Exceptions overruled.*