## COMMONWEALTH *vs.* FREDERICK S. PIKE.

Worcester.    May 2, 1949. — June 2, 1949.

Present: QUA, C.J., DOLAN, RONAN, SPALDING, & WILLIAMS, JJ.

*Practice, Criminal,* Service of copy of indictment. *Jurisdiction,* Murder case. *Superior Court,* Jurisdiction. *Evidence,* Photograph, Admissions and confessions, Refreshment of witness's recollection. *Witness,* Refreshment of recollection.

Section 65 of G. L. (Ter. Ed.) c. 277, as amended by St. 1936, c. 161, § 2, is directory and not jurisdictional, and trial of an indictment for murder properly proceeded in the court where it was pending even if there had been no compliance with the statutory requirement of service of a copy of the indictment on the defendant where it appeared that the defendant was not harmed by such noncompliance.

The mere fact, that certain so called "extraneous objects," such as scissors and a portion of the arm of some apparently living person, appeared in material photographs of the head of one alleged to have been the victim of a murder, did not make the photographs inadmissible as evidence at the trial of an indictment of the alleged murderer.

Certain alleged confessions made to police officers in another State and in this Commonwealth by one later indicted for murder were properly admitted at the trial of the indictment where evidence before the trial judge at a preliminary hearing warranted a finding that they were entirely voluntary.

A contention by the defendant in a murder case that a police officer, a witness at the trial, when allowed at his own request to use his notes to refresh his recollection, did not give his present memory as refreshed but merely read from the notes, was without merit on the record.

INDICTMENT, found and returned on August 18, 1948.

A motion to quash the indictment, described in the opinion, was heard and denied by *Donnelly,* J., before whom the case thereafter was tried.

*J. F. Morelli, (J. P. McDonough* with him), for the dedendant.

*A. B. Cenedella,* District Attorney, (*A. A. Gelinas,* Assistant District Attorney,) for the Commonwealth.

QUA, C.J.   The defendant has been found guilty by a jury
of the murder in the first degree of Paul Zayka at Bolton
on August 5, 1948.   Sentence of death has been imposed
under G. L. (Ter. Ed.) c. 265, § 2, and stayed in accordance
with G. L. (Ter. Ed.) c. 279, § 4, as appearing in St. 1935, c.
437, § 3.   The case is here on appeal with a transcript of
the evidence, a summary of the record, and an assignment
of errors.   G. L. (Ter. Ed.) c. 278, §§ 33A–33E, as amended
in § 33E by St. 1939, c. 341.

The evidence, including the arguments and charge, is vo-
luminous, filling six hundred eighty-six typewritten pages.
Nothing would be gained by attempting to summarize it
further than to say that the evidence in behalf of the Com-
monwealth tended to show that on the morning of August 5
the defendant left his home in the Charlestown district of
Boston, armed with an automatic pistol, for the purpose of
robbing one Raymond A. Heron; that the defendant had
become acquainted with Heron when the defendant was a
small boy because of friendly assistance which Heron had
rendered from time to time to him and his family; that
upon reaching Heron's home in Bolton in the early after-
noon the defendant first encountered Zayka, an employee
of Heron; that Heron himself had not yet arrived from his
day's work in Boston; that the defendant robbed Zayka of
the $2 which he had about him, and in the course of this
robbery shot Zayka through the right side of the head;
that at intervals after that he shot Zayka through the left
side of the head and in the abdomen and struck his head
several blows with the blunt end of a hatchet or axe, caus-
ing fractures of the skull; that when Zayka no longer
showed any sign of life, the defendant deposited the body
in the cellar; that not long thereafter Heron himself came
home; that the defendant fired one or more shots in his
direction and at gun point robbed him of his money and of a
number of articles, after which the defendant made his
escape by commandeering Heron's automobile; that early
in the evening the defendant was stopped by police in Provi-
dence, Rhode Island, after a wild chase and the firing of

Commonwealth *v.* Pike.

shots; that he admitted his crimes and signed a confession in the presence of Providence officers; and that early on the following morning, after having been brought to the Holden barracks of the Massachusetts State police, he signed a second and more detailed confession.

1. The defendant's first assignment of error is based upon the refusal of the court to quash the indictment because, as the defendant contends, he was not duly served "with a copy" of the indictment as required by G. L. (Ter. Ed.) c. 277, § 65, as amended by St. 1936, c. 161, § 2.[1]  The sheriff's return showed service of a copy in hand, as required by the statute. At a hearing before the judge on the motion to quash, the defendant testified that the sheriff merely read the indictment to him at the jail, and that he never had a copy in his hands or possession. The sheriff testified that he handed a copy to the defendant and that the defendant read it and handed it back to him, and that it was again "served on the defendant by Mr. Buss" (a deputy sheriff) two or three days later. The judge found as a fact that service was made according to the statute, and denied the motion to quash. The defendant excepted.

We do not pause to discuss any question whether the motion to quash was the proper procedure, or any question as to the conclusiveness of the sheriff's return (see *Union Savings Bank* v. *Cameron*, 319 Mass. 235, 238), or any question whether the defendant in a capital case by voluntarily joining in a hearing of even a preliminary question of fact without jury, and making no objection to such hearing, can bind himself to a finding of fact by the judge alone. See *Commonwealth* v. *Rowe*, 257 Mass. 172; *Commonwealth* v. *Lawless*, 258 Mass. 262; *Commonwealth* v. *Millen*, 289 Mass. 441, 465–466; G. L. (Ter. Ed.) c. 263, § 6, as amended by St. 1933, c. 246, § 1; c. 278, § 2. We consider it settled by *Webster* v. *Commonwealth*, 5 Cush. 386,

---

[1] This section reads as follows: "After the finding of an indictment for murder, the defendant, if in custody, shall forthwith be served by the sheriff or his deputy with a copy thereof and with an order of the court notifying him that the indictment will be entered forthwith upon the docket of the superior court for the county where found."

particularly at page 403, decided when the statute which is now c. 277, § 65, was in a form (St. 1844, c. 44, § 4) somewhat different from its present form, but not in respects now material, that where the indictment is duly pending in the proper trial court, that court may proceed to the trial of the defendant, even if the requirements of § 65 have not been observed, and that that statute is directory and not jurisdictional. *Costley* v. *Commonwealth,* 118 Mass. 1, 33.

It is plain that the defendant, who was represented by counsel throughout, was not harmed by failure, if there was any, to deliver to him a copy of the indictment. He knew what the accusation was, and the purport of his own testimony was that his counsel had a copy of the indictment long before the trial.

2. The defendant's second assignment of error is based on the admission in evidence of four photographs of the head of the deceased showing the bullet wounds and the effect of the blows upon the head. It is argued that, because in these photographs appeared "such extraneous objects" as "surgical implements" (apparently referring to scissors, objects resembling pieces of cloth or gauze, and possibly to several short sticks scaled for linear measure) and also in one instance, in the edge of the picture, a portion of the arm of some apparently living person, "the jury could not help but become influenced by such spectacle" to the prejudice of the defendant. These photographs were material to the issues and were clearly competent under a number of recent decisions. *Commonwealth* v. *Osman,* 284 Mass. 421, 423. *Commonwealth* v. *DiStasio,* 294 Mass. 273, 282–283. *Commonwealth* v. *McGarty,* 323 Mass. 435, 438–439. The so called "extraneous objects," including the living arm, added nothing of gruesomeness and were harmless. See *Commonwealth* v. *Sheppard,* 313 Mass. 590, 599. There was no error.

3. The defendant's third assignment of error is based upon exceptions to the admission in evidence of two written confessions, signed by the defendant, one given to the police in Providence and the other to the Massachusetts State

police at Holden. The defendant contends that these confessions were extorted from him by coercion and threats.

At a preliminary hearing before the judge the defendant testified as to the confession in Providence that "a wrister" or "wristers" were put upon him when he was arrested and while he was in a cell and were tightened until he said he would make a statement, and that the officers told him that if he did not make a statement he would "get worked over." On being questioned by the judge, he testified that he thought all the officers who were present in Providence were in the court room, and that none of those officers did or said these things. There was other evidence that the confession was entirely voluntary. It is plain that the judge did not believe that the Providence confession was forced. The confession at Holden was made several hours later while the defendant was in the hands of Massachusetts officers who, he testified, treated him in a courteous and very kindly manner. It was admitted that they held out no threats or inducements. This confession was substantially the same as the one given in Providence, except that it contained more elaborate detail. The only ground on which it is contended that this confession was not voluntary is that what the defendant testified had been said and done to him at Providence still had some effect on his state of mind while at Holden. The only exceptions taken in reference to the two confessions were to their admission in evidence. There was no error in admitting them. *Commonwealth* v. *Russ*, 232 Mass. 58, 69–71. *Commonwealth* v. *Buck*, 285 Mass. 41, 44–47. *Commonwealth* v. *Sheppard*, 313 Mass. 590, 601–605. *Commonwealth* v. *White*, 323 Mass. 323. *Commonwealth* v. *McGarty*, 323 Mass. 435, 437–438.

4. The defendant's fourth assignment of error rests upon an exception to a police officer then on the stand being allowed at his own request to use his notes to refresh his recollection as to a visit to Heron's house with the defendant. The objection seems to have been that the witness was reading from and relying upon his notes for everything

and was not first stating as much as he could remember without them. The transcript, however, in our opinion, does not show that this was so, or that the witness was not giving his then present memory, or that he made any use of his notes different from that commonly made by witnesses in refreshing recollection. *Commonwealth* v. *McDermott*, 255 Mass. 575, 580–581. *Commonwealth* v. *Simpson*, 300 Mass. 45, 53. *Commonwealth* v. *Parrotta*, 316 Mass. 307, 312. At least what was done was within the discretion of the judge. See *Bendett* v. *Bendett*, 315 Mass. 59, 62–64.

The fifth assignment of error has not been argued, and the sixth and last was expressly waived at the argument.

We have considered the whole case in accordance with G. L. (Ter. Ed.) c. 278, § 33E, as amended by St. 1939, c. 341, and find that justice does not require a new trial for any reason.

*Judgment affirmed.*