## McGARTY v. O'BRIEN.

### Civ. No. 7477, Misc.

United States District Court
D. Massachusetts.

July 26, 1949.

James Seligman, Fall River, Mass., Wm. C. Crossley, Fall River, Mass., for plaintiff.

Henry P. Fielding, Assistant Attorney General, Maurice M. Lyons, District Atty., for defendant.

FORD, District Judge.

This application for a writ of habeas corpus was filed in this court on June 29, 1949. The petitioner states in substance that he is unlawfully restrained of his liberty at the Massachusetts State Prison by the Commonwealth of Massachusetts under a commitment pursuant to a conviction on February 20, 1948 of murder in the first degree and sentence of death. The petitioner charges that the warden of the state prison holds him in confinement without due process of law and in violation of the Fourteenth Amendment of the Constitution of the United States. A writ of habeas corpus was issued directed to the warden at the Massachusetts State Prison and was made returnable, good cause being shown by counsel, on July 13, 1949. A return, 28 U.S.C.A. § 2243, was filed on July 13 and the matter was argued by counsel on that day. The prisoner was not produced by the warden inasmuch as only a question of law was involved. 28 U.S.C.A. § 2243.

The ground of petitioner's charges is that before he was put upon his trial in the Massachusetts state court, his counsel, assigned by the court for his defense under the provisions of Massachusetts General Laws (Ter.Ed.) c. 277, sec. 47, made a motion to the court under Massachusetts General Laws (Ter. Ed.) c. 277, sec. 56[1] that

---

[1] "Sec. 56. Expenses of counsel of prisoner. The reasonable expenses in-

curred and paid by counsel assigned by the court for the defence of a person in-

he be "allowed to employ two psychiatrists at the expense of the Commonwealth so that he may properly defend himself against the crime as charged by the Commonwealth"; ·that this motion was ·denied and exception saved. The petitioner further alleges that the ·denial of his motion was assigned as error in an appeal to the Full Bench of the Supreme Court of Massachusetts and on December 2, 1948 the Supreme Court of Massachusetts affirmed the judgment of the lower court and dismissed the appeal. Commonwealth v. ·McGarty, 323 Mass. 435, 82 N.E.2d 603, 605.

In his assignment of error in the Massachusetts court as respects the. denial of the motion to allow expenses for psychiatrists the petitioner stated that he was without funds to engage medical experts to examine him and, consequently, no proper defense could be conducted. In his brief before the Supreme Judicial Court the prisoner stated:

"While it is not contended, by the defendant that this provision (c. 277, sec. 56 of the General Laws, supra) contains .a mandate to the court to grant a motion that he be allowed to ·engage. medical experts, nevertheless it is most emphatically urged that the gravity of .the facts and circumstances surrounding him · in connection with the most serious of allegations warranted an authorization for employment ·of medical experts to the end that all of his constitutional rights should be safeguarded.'

"Therefore, it would seem that it was the bounden duty of the court to have allowed the motion and that failure to do so *constituted abuse of judicial discretion* and prejudicial error." (Emphasis mine.)

The Supreme Court in passing upon the assignment of error stated: "The first error ·assigned is the denial by the judge of the defendant's motion to engage medical experts for him. It appeared that the defendant was intemperate, had been arrested for drunkenness, and had been ·drinking to excess shortly before the crime. The two physicians who examined him under G.L.

(Ter.Ed.) c. ·123, § 100A, reported that he is neither feebleminded nor insane, but has a psychopathic personality. We assume that the judge could have granted the motion under G.L.(Ter.Ed.) c. 277, § 56. But the matter was discretionary. Nothing in the medical report and nothing in the record indicated that the defendant was not mentally responsible. We find no error in the denial of the motion. Commonwealth v. Belenski, 276 Mass. 35, 44, 176 N.E. 501."

The question that confronts this court at the outset is whether the petitioner has exhausted the remedies available in the state court and therefore is entitled at this time to relief in a federal court. It is stipulated there was no attempt on the petitioner's part to secure certiorari from the United States Supreme Court. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; 28 U.S.C.A.·§ 2254.

It is clearly apparent that the decision of the Massachusetts court with respect to the petitioner's ground alleged here is based on a non-federal ground and the federal question was not considered. It *does not seem* that this court would be precluded by Ex parte Hawk from entertaining jurisdiction to inquire into the federal question, *if the federal question were presented but not considered by the state court.* If a state judgment is based on an adequate state ground, a failure to request review by the United States Supreme Court does not prejudice the petitioner. White v. Ragen, 324 U.S. 760, 765, 65 S.Ct. 978, 89 L.Ed. 1348.

Was the federal question presented to the state court on petitioner's appeal so that the rule of the Ragen case is applicable?

The Massachusetts Supreme Court in its decision made no reference to any federal question. In the petitioner's assignments of error on his appeal there was no specific reference made to nor reliance placed upon any federal question. The petitioner relied upon the ground that the denial of his motion was an abuse of discre-

---

dicted for murder, who is otherwise unable to procure counsel, shall be paid by the county where the indictment· is found after approval by a justice sitting at the trial or other proceedings of the case."

tion and reversible error for this reason. It is true that the petitioner in his brief stated that a denial of his motion by the lower court judge deprived him of his constitutional rights but there was no claim that his federal constitutional rights were violated. This claim was not specifically called to the court's attention nor was it argued. The petitioner could hardly expect the Supreme Court to know what constitutional rights of his were violated when he failed to call their attention to what specific constitutional right he had in mind if indeed he had any. It seems from all the circumstances that the phrase "constitutional rights" in the brief was used in the broad and general sense that all rights, even statutory as was the right he claimed, must be consistent with some constitution without referring to any particular constitution. But the petitioner failed even remotely to refer to any specific constitutional right under either the federal or state constitution. And in his brief the petitioner particularized the manner in which his rights were violated, viz., "that failure to do so constituted an abuse of judicial discretion", a denial of a state statutory right. And it is clear from the Supreme Court's opinion that the court regarded the error assigned as one involving merely a claimed abuse of discretion by the court below and disposed of the claimed error on that ground. At the oral argument before me I inquired of counsel whether any claim was made in the oral argument before the Full Bench of the Massachusetts Supreme Court that a federal right was claimed and candid replies of counsel to this court indicated unquestionably that no federal question was claimed in oral argument nor was any reference made to such by counsel for the petitioner. It clearly appears that the Supreme Court was unaware that any federal claim was being made before it with respect to the denial of the motion of the petitioner in the court below. What it had a right to assume and evidently did assume was that the appellant there was basing his claim of error on a non-federal ground, i. e., an abuse of discretion by the court below in denying his motion, obviously a state ground. This court concludes that the federal claim made in the present proceedings was not at any time presented to nor relied upon in the Supreme Court of Massachusetts and White v. Ragen, supra, has no application to the present case. It cannot be said the petitioner exhausted his state court remedies when he failed to present a federal claim in his appeal. The petitioner must exhaust at least one available remedy in the state court before he can resort to a federal district court. Wade v. Mayo, 334 U.S. 672, 678, 68 S.Ct. 1270, 92 L.Ed. 1647; Mooney v. Holohan, 294 U.S. 103, 113, 55 S.Ct. 340, 79 L. Ed. 791, 98 A.L.R. 406.

If, as petitioner here claims the Massachusetts trial court committed an error of law in denying his motion, there is available a procedure to correct an error of law in a criminal case in the Massachusetts court. Massachusetts General Laws (Ter. Ed.) c. 250, sec. 9; Commonwealth v. Marsino, 252 Mass. 224, 228, 147 N.E. 859.

Also it may be possible for petitioner to secure by motion or a petition for rehearing a clarification of his claim that he presented and the Massachusetts Supreme Court considered and denied a federal constitutional claim or failed to consider it and dismissed his assignment of error on a state ground.

██ Petitions for writs of habeas corpus present grave questions and demand careful judgment. However, it is a discretionary writ and should not issue unless the circumstances permit. Under the circumstances here and for the reasons stated, as required by the Supreme Court cases referred to and the provisions of 28 U.S.C.A. § 2254 declaratory of existing law, it would be improper for this court at this time to exercise its jurisdiction and inquire into the merits of the constitutional question alleged to be involved in the petitioner's detention by the state authorities. A prisoner of a state cannot reserve grounds for habeas corpus in the federal court which would have been a basis for review in the state court.

Consequently, the writ issued June 29, 1949 is discharged and the petition is dismissed without prejudice.