**PIKE v. O'BRIEN.**
**Civ. No. 7497.**

**United States District Court**
**D. Massachusetts.**
**Oct. 3, 1949.**

174

James F. Morelli, and Joseph P. Mc-Donough, Boston, Mass., for petitioner.

Francis E. Kelly, Atty. Gen., Commonwealth of Mass., Lenahan O'Connell, Asst. Atty. Gen., Commonwealth of Massachusetts, for respondent.

SWEENEY, Chief Judge.

The petition for the writ of habeas corpus is denied.

When the original petition was filed, an order of notice was issued calling upon the Commonwealth of Massachusetts to show cause why the writ of habeas corpus should not issue. At the hearing held September 30, counsel alleged that a confession, obtained by the coercion, threats, and abuse of the arresting police, had been admitted in evidence against petitioner, as the result of which he has been convicted of first degree murder and is presently held by the respondent under sentence of death. It is contended that the admission of this confession is a violation of petitioner's rights under the United States Constitution. The evidence taken from petitioner at the time the admissibility of his confession was before Judge Donnelly refutes entirely the allegation that it was coerced.

However, it is unnecessary to decide this issue since petitioner's counsel stated before this Court, that, in his appellate argument before the Supreme Judicial Court of Massachusetts, he waived any objection to the invalidity of the confession because he thought he could raise it before this Court. By such waiver the petitioner has failed to exhaust his remedies in the state courts, which failure leaves this Court powerless to issue the writ. McGarty v. O'Brien, Warden, D.C.Mass.1949, 85 F.Supp. 415.

Petitioner rests his argument for the writ on two other bases. The first is his allegation that the sheriff failed to satisfy Massachusetts statutory requirements that a copy of the indictment be served on the petitioner. Inasmuch as petitioner's counsel had sufficient information regarding the indictment to file a motion for a bill of particulars concerning it on August 23, 1948, more than three months prior to commencement of the trial, petitioner certainly was not denied due process of law in this regard. And petitioner had no right to the particular type of service provided for by statute because the Supreme Judicial Court has held the statute to be directory and not mandatory. Commonwealth v. Pike, Mass., 86 N.E.2d 519.

Petitioner lastly alleges that the mother of petitioner's victim exhibited in the courtroom, and presumably to the jury, photographs of her son taken after his death, and at the same time broke down and wept. This allegation, if it presents any Federal question at all, must likewise be called to the attention of the state courts before successful application for the writ can be made here, and so far as this Court knows this has not been done.

Because a Federal question, such as can be the basis for granting the writ here, has been presented neither at the trial of the case on the merits nor on its appeal to the Supreme Judicial Court, petitioner has failed to exhaust his state remedies, and the petition is denied.