**PIKE v. O'BRIEN, Warden.**

**Civ. No. 50-13.**

United States District Court
D. Massachusetts.

Feb. 15, 1950.

James F. Morelli, Boston, Mass., Joseph P. McDonough, Boston, Mass., for petitioner.

Francis E. Kelly, Atty. Gen., Commonwealth of Mass., Lenahan O'Connell, Asst. Atty. Gen., Commonwealth of Mass., for respondent.

SWEENEY, Chief Judge.

The petitioner, who is under sentence of death for the crime of murder, has presented this second application for a writ of habeas corpus to this Court. His first application raised (1) a contention that the confession procured from him was obtained through coercion, threats, and abuse of the arresting police; (2) by reason of the above, the confession was improperly admitted in evidence against him; and (3) that he was improperly served with a copy of the indictment against him. All of these bases for granting the writ were found inadequate in a memorandum filed on October 3, 1949, 86 F.Supp. 173, and no appeal has been taken from that decision.

In the second petition for the writ, the only new basis urged for the issuance of the writ is on the sole ground that the petitioner was not furnished with counsel at the removal proceedings in Providence, Rhode Island. He had committed a murder in the Commonwealth of Massachusetts and fled to Providence, Rhode Island. He was there apprehended by the local police and brought before a committing magistrate where he signed a waiver of extradition which was accepted by the Court. He was then turned over to the Massachusetts police. I can find no authority in the United States Constitution for the proposition that a criminal fleeing across state borders has a right to be furnished with counsel from the moment that he is apprehended, or that in deciding whether or not he will voluntarily return to the state in which the crime was committed he has a right to the services of counsel.

The application for the writ is therefore denied.