**SHANKMAN et al.**
v.
**ASPINOOK CORP.**
No. 4827.

United States Court of Appeals
First Circuit.
Sept. 2, 1954.

Harry Pollack, Boston, Mass. (Hubert C. Thompson and Cohn, Riemer & Pollack, Boston, Mass., with him on brief), for appellants.

George A. McLaughlin, Boston, Mass., for appellee.

WOODBURY, Circuit Judge.

The facts necessary for the disposition of this appeal are not in dispute and can be briefly stated.

On May 2, 1950, the defendant Aspinook, a Delaware corporation, sold its "print works" in Lawrence, Massachusetts, at public auction to the plaintiffs, both citizens of New York. The "print works" consisted of several old buildings, many in a bad state of repair, which at the time of the sale contained old and heavy machinery which had been used for the printing and dyeing of cloth. This machinery was not purchased by the plaintiffs, and the defendant sold most of it to one Bresth for junk.

On June 2, 1950, when the defendant deeded the real property to the plaintiffs' nominee, who later conveyed to the plaintiffs, it was agreed that the defendant might have until June 15 to remove the machinery and that it would pay the plaintiffs for any damage to the buildings caused by its removal. Nevertheless, Bresth did not remove the last pieces of machinery until October 31, 1950.

In the meantime on June 22 the plaintiff, Leonard I. Shankman, had written the defendant asking that the machinery be removed as soon as possible, and on August 9, he had repeated his request and in addition demanded rent for the premises as long as the machinery remained in the buildings. Obtaining no satisfaction, the plaintiffs on December 28, 1950, filed a complaint in two counts against the defendant in the court below under its diversity jurisdiction. Title 28 U.S.C. § 1332(a) (1). In the first count the plaintiffs sought damages of ninety odd thousand dollars for the "use and occupancy" of the buildings from June 15 to October 31, 1950, and in the second count they sought damages of seventy-eight odd thousand dollars for injury to the buildings caused by removing the machinery.[1]

The defendant answered denying liability and moved to join Bresth as a third party defendant on the ground of an indemnity agreement and also on the ground that Bresth as the owner of the machinery was the person responsible not only for its removal but also for the damage to the buildings caused thereby. Its motion to join Bresth as a third party defendant was granted and the case in due course came on for trial without a jury. The court below after hearing the parties on the issue of liability found for the plaintiffs on both counts and referred the issue of damages to a master with

---

1. On this count the plaintiffs recovered judgment for $2,399.20 against the defendant Aspinook, and Aspinook recovered judgment for $400 against Bresth, the third party defendant, who did not appeal. No questions with respect to this count are before us.

instructions to the effect that the plaintiffs were entitled to recover a reasonable rental for the use and occupation of their property from June 15 to October 31, 1950, with respect to those portions of the premises where the defendant's failure to remove the machinery was the sole cause of the plaintiffs' inability to lease to prospective tenants, but that they were entitled to recover only storage charges for those portions of the premises where the defendant's failure to remove the machinery was not the sole cause of the plaintiffs' inability to lease, such as those portions to which persons other than the defendant had the right of access to remove machinery.[2]

After hearing the master reported in substance that he could not find that the plaintiffs were entitled to any damages for use and occupancy for the reason that the premises had been so constructed to accommodate the large machines which had been in them, and were so badly out of repair, that they had no rental value whatever, and that, although they had a value of 10 cents per square foot for the storage of machinery, there was no evidence from which without resort to guess or conjecture he could find the amount of storage space in the buildings occupied by the machines. The District Court adopted the master's report and confirmed his conclusions, and, an appropriate judgment having been entered, the plaintiffs took this appeal.

■ The appellants' principal contention is that the master and the court below erred in not finding that the defendant's delay in removing the machinery postponed for four and one half months their opportunity to repair and renovate the buildings for occupancy by tenants, wherefore the appellants should have been awarded the fair rental value of the premises as repaired and fitted for occupancy by tenants because in no other way could they be put in as good a position pecuniarily as they would have been in had the defendant kept its contract to remove the machinery by June 15. Perhaps the plaintiffs-appellants' contention would be valid in an action for breach of contract to remove the machinery. We do not pause to consider that question, however, for this is not such an action. It is clearly stated in the complaint that it is one to recover the value of the defendant's use and occupation of the plaintiffs' premises, whatever that value might be, and it was tried on responsive pleadings on that basis both in the District Court and before the master. At this stage in the litigation it is far too late to turn the action into one sounding in contract as the appellants attempt to do in their brief.

■ Another contention of the appellants is that on the evidence they are entitled to a finding in their favor, at least with respect to storage charges. We do not consider it for the reason that the appellants have not printed the evidence on which they rely in the appendix to their brief, or even cited therein the portions of the typewritten transcript of testimony which they contend supports their position. Another contention of theirs rests upon an obvious misinterpretation of the court's instructions to the master, and still another raises a question of admissibility of evidence which in the view we take of the case is immaterial. We do not consider them of sufficient moment to warrant discussion.

The judgment of the District Court is affirmed; costs in accordance with the Rules except that appellants recover costs for printing supplemental record appendix to their brief.

2. We do not interpret these instructions read in context to mean, as the appellants contend, that the master was necessarily required to find some rental value for the premises, but only that he was to find what the rental value might be, if indeed, the premises had any value for that purpose.