NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

FEDERAL DAIRY COMPANY, Inc.,
Respondent.

No. 5844.

United States Court of Appeals
First Circuit.

Jan. 15, 1962.

Samuel M. Singer, Attorney, Washington, D. C., with whom Stuart Rothman, General Counsel, Dominick L. Manoli, Asst. General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Jules H. Gordon, Attorney, Washington, D. C., were on brief, for petitioner.

John P. Cooney, Jr., Providence, R. I., with whom Allan Seserman, New York City, was on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

■■ This is a petition for enforcement of a Labor Board order. Respondent's five-sentence "Statement of the case" concludes with the following. "No useful purpose will be served in the light of our charges to review with formality the events as though we had received a proper hearing." These charges are that the trial examiner permitted an amend-

ment to the complaint during the hearing (for which a suspension of two weeks was granted respondent) and that the examiner should have accepted respondent's affidavit of personal prejudice. We do not feel that these matters call even for comment. The alleged prejudicial conduct was that the trial examiner stated that respondent's counsel had been "needling" him. Respondent's brief, characterizing this as "a tirade of unjudicial conduct without any parallel in legal procedure," sets the tone of its procedural objections.[1] They are without merit.

■■ Respondent takes seriously its asserted excuse for not "review[ing] with formality the events," if by "formality" is meant citations to the record. The brief contains a lengthy discussion of the facts, with sometimes two pages at a time without record reference. We have read the 260 printed pages of respondent's record appendix (as well as the additional portions printed by petitioner) and it leaves us with the impression that in many instances the absence of citation was not inadvertent. We are not interested in making our own unaided search of the printed record, and we are particularly not interested in reading those portions of the transcript that were not printed. Shankman v. Aspinook Corp., 1 Cir., 1954, 215 F.2d 902; Esso Standard Oil Co. v. Secatore's, Inc., 1 Cir., 1957, 246 F.2d 17, cert. den. 355 U.S. 834, 78 S.Ct. 54, 2 L.Ed.2d 46; U.S.Ct.App. 1st Cir. Rule 24(1), 28 U.S.C.A. Nor are we impressed with the underlying argument that the trial examiner is to be condemned because he believed General Counsel's witnesses rather than respondent's. We are satisfied to enforce the Board's order on the basis of the trial examiner's report and the Board's decision without further discussion.

Before leaving this case, however, one matter calls for attention. The General Counsel's principal witness set out to testify, over the objection of respondent, from a typewritten document. The trial examiner first thought it to be an original record. He was encouraged in this misapprehension by the witness, who twice informed him that it had been "prepared days after our meetings with the company." On being pressed for how many days, he finally came out with "several days." It then developed that the only period properly describable as several days was the period between the witness' preparation of what proved to be testimonial notes and the trial. Counsel for the General Counsel then advanced with persistence, making vague references to Massachusetts and New York precedents and inaccurate use of the phrase "past recollection recorded," the totally inapplicable proposition that a witness "has the absolute right to use anything to refresh his recollection."[2] Objecting to counsel for respondent's even seeing the paper, and charging him with "deliberately obstructing the flow of testimony," he stated that it was the Board's "normal" procedure for a witness to "use notes prepared precisely for his testimony, although he hasn't testified these notes were, anything to refresh his recollection."

■■ We are frankly shocked. Whether or not a witness may use "anything" to refresh his recollection, there are two prior conditions. The witness should first testify, if there is objection, that the paper does in fact have that effect. Cf. United States v. Socony-Vacuum Oil Co., 1940, 310 U.S. 150, 234, 60 S.Ct. 811, 84 L.Ed. 1129; Commonwealth v. Parrotta, 1944, 316 Mass. 307, 55 N.E.2d 456. If it does not, he cannot use it.[3] Equally important, the

---

1. In fairness, able counsel who represented respondent at the oral argument was not involved in the preparation of the brief.

2. Again, we note that counsel arguing the case orally for the Board was not trial counsel.

3. Wigmore put this bluntly. "Since the Narrative * * * should represent actual Recollection (post, § 766), it becomes necessary to forbid the use of various artificial written aids capable of misuse so as to put into the witness' mouth a story which is in effect fictitious and cor-

witness, unless opposing counsel waives it, should not refresh his recollection until he has been examined without leading, if it is direct examination, and has testified that his recollection is exhausted.[4] Prerequisites to prompting a witness, such as exhaustion of memory, are so axiomatic that they are rarely referred to except in passing. See Commonwealth v. Pike, 1949, 324 Mass. 335, 339–340, 86 N.E.2d 519; cf. Moody v. Rowell, 1835, 17 Pick. 490, 34 Mass. 490, 498. But, of more fundamental moment, we must express disapproval of the advocated practice of preparing a written account for the purpose of testifying under the principle that "anything" may be used to refresh recollection. This is, of course, not to say that when recollection is exhausted a witness may not be shown a paper. But he should not bring into court specially prepared extensive testimonial notes to use over objection instead of the original records. One may well ask why there should be strictures against leading questions if a witness is free to have a prepared answer before him in any event.[5]

The trial examiner should not have spent so much time listening to counsel for the General Counsel argue to the contrary, and one might question why he should have been so affected by the confusion of one of respondent's witnesses as to the time at one of the meetings a certain event occurred and yet apparently unmoved by General Counsel's witness consciously dissembling the source of his notes. Nevertheless, it is not of such stuff that appeals are made. We do not think the Board failed to consider on all the evidence the "totality of the employer's conduct." NLRB v. Reed &

Prince Mfg. Co., 1 Cir., 1953, 205 F.2d 131, 134, cert. den. 346 U.S. 887, 74 S.Ct. 139, 98 L.Ed. 391; cf. NLRB v. Cascade Employers Ass'n, Inc., 9 Cir., 1961, 296 F.2d 42.

A decree will be entered enforcing the order of the Board.

---

responds to no actual Recollection." 3 Wigmore, Evidence, (3d Ed., 1940) § 758. See also United States v. Riccardi, 3 Cir., 1949, 174 F.2d 883, 889, "The trial judge must determine whether the device of refreshing recollection is merely a subterfuge to improperly suggest to the witness the testimony expected of him."

4. Unless, as was not the case here, the document was independently admissible. Guiffre v. Carapezza, 1937, 298 Mass. 458,

11 N.E.2d 433, 125 A.L.R. 1; Fisher v. Swartz, 1955, 333 Mass. 265, 130 N.E.2d 575; cf. 3 Wigmore, Evidence (3d ed. 1940) § 738.

5. It may be noted that General Counsel's position on its principal witness' use of personal notes may depend upon whose ox is gored. Cf. N.L.R.B. v. Adhesive Products Corp., 2 Cir., 1958, 258 F.2d 403, 407.