COMMONWEALTH *vs.* LUIS A. CARRION.

Suffolk.    January 5, 1976. — June 8, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Homicide. Malice. Practice, Criminal,* Bail. *Evidence,* Leading question, Other offense, Relevancy and materiality. *Witness,* Child witness.

At a criminal trial, there was no error in the denial of the defendant's motion for exculpatory evidence on the ground that it could have been shown that the defendant's arrest was based on an outstanding

warrant on an unrelated charge where the fact that the arresting officer had probable cause to arrest the defendant rendered any such evidence immaterial. [410]

There was no abuse of discretion in setting bail for a defendant charged with first degree murder in the amount of $100,000. [410-411]

At a criminal trial there was no abuse of discretion in allowing the prosecution to ask leading questions of an eight-year-old eyewitness to the crime. [411]

At a murder trial there was no error in admitting testimony relevant to the murder concerning events, in which the defendant's brother participated, following the shooting of the victim even if such testimony might tend to show the commission of another crime. [411]

At a murder trial there was no error in admitting in evidence a properly authenticated photograph depicting .22 caliber cartridges on a table in the victim's bedroom where the chain of custody of the bullets had been sufficiently established and there was expert testimony that the bullet which killed the victim was of the same specific type as the cartridges. [411-412]

At a murder trial it was competent for a police officer to testify to the fact that he had observed red stains on the clothing of the defendant and his brother. [412]

At a murder trial there was no error in admitting evidence of the Commonwealth's endeavors to locate the defendant's brother, who had participated in disposing of the murder weapon, in order to rebut any inference which the jury might draw that he was not produced because his testimony would be unfavorable to the prosecution. [412]

There was no error in a judge's refusal to reduce a charge of murder in the second degree to manslaughter where there was evidence that the defendant entered a room with a gun, and without provocation to generate a sudden passion, shot the victim. [412-413]

INDICTMENT found and returned in the Superior Court on October 25, 1974.

Pre-trial motions were heard by *Robert Sullivan*, J., and the case was tried before *Leen*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Michael R. Pizziferri* (*Joseph A. Todisco* with him) for the defendant.

*Daniel C. Mullane*, Assistant District Attorney (*Christopher A. Quinn & Eugene F. McAuliffe*, Legal Assistants to the District Attorney, with him) for the Commonwealth.

REARDON, J. The defendant was indicted for murder in the first degree and was tried subject to G. L. c. 278, §§ 33A-33G. A verdict was directed of not guilty on so much of the indictment as charged murder in the first de-

gree, and the defendant was found guilty of murder in the second degree. Various assignments of error were alleged and are pressed before us.

The jury could have found that the victim Ramonita Matos resided with the defendant, together with her three children, in a small apartment in Boston, and that during the evening of July 18, 1974, the defendant went into the room occupied by the seven-year-old daughter of the victim. He struck the daughter, whereupon the mother intervened. He then took a gun which had been concealed in his shirt and shot Mrs. Matos. He called to his brother Carlos who was visiting in the apartment that evening and they removed the victim to the hospital, where she died. At some point Carlos returned to the bedroom, took the gun which the defendant had thrown on the bed, and went up the stairs which led to the roof. Carlos was not a witness at the trial although the Commonwealth made efforts to summon him. We treat the assignments of error seriatim.

1. There was no error in the denial of the defendant's motion for exculpatory evidence. The objective of the motion was not clear although the defense claims that this would show that the defendant's arrest was based on an outstanding warrant. However, as the Commonwealth contends, the arresting officer on the evening of the shooting had probable cause to make the arrest on the basis of information he derived at the hospital where he saw the victim and talked with the defendant and the defendant's brother. It is to be noted that when first questioned by the arresting officer the defendant gave false names for himself and the victim, and in relating the events of the evening he gave an account of them which was contradicted by the separate statements of his brother Carlos. It is thus not material whether the arresting officer had knowledge of any outstanding warrant for the defendant, although we further note that the officer testified that he had no such knowledge at the time he made the arrest.

2. There is nothing to the defendant's assignment based on the denial of his motion to reconsider bail which had been set at $100,000. The matter of bail was discretionary

in this case in which the defendant was charged with murder in the first degree. *Commonwealth* v. *Baker,* 343 Mass. 162, 168 (1961). No abuse of discretion is made out on the record before us, and the contention of the defendant on this facet of the case is without merit.

3. Complaint is made of error in allowing the assistant district attorney to lead the only eyewitness in the case, the daughter of the victim who was eight years old at the time of trial. We have stated repeatedly that the decision on leading questions lies within the discretion of the trial judge. See *Commonwealth* v. *Johnson,* 352 Mass. 311, 319-320 (1967), cert. dismissed as improvidently granted, 390 U.S. 511 (1968); *Commonwealth* v. *Harrison,* 342 Mass. 279, 286 (1961); *Guiffre* v. *Carapezza,* 298 Mass. 458, 459-460 (1937). In this instance the judge exercised extreme care in the manner in which the little girl was questioned. It would be difficult to envisage a record demonstrating more concern for the rights of the defendant in the circumstances and, at the same time, compassion for the traumatic effect of the testimony on the eight-year-old witness.

4. The defendant argues that parts of the testimony of the victim's daughter were inadmissible in delineating "another crime" by the defendant, namely a conspiracy between the defendant and his brother Carlos. We do not view the testimony as suggesting any plan or agreement between Carlos and the defendant to kill the victim. Even had such testimony tended to show the commission of some other crime, it still would have been admissible as long as it was relevant to the crime charged. *Commonwealth* v. *Eagan,* 357 Mass. 585, 589 (1970). The events (in which the defendant's brother participated) following the shooting of the victim were all relevant to the question of the defendant's guilt or innocence, and the judge did not abuse his discretion in the circumstances. See *Commonwealth* v. *Caine,* 366 Mass. 366, 370-371 (1974); *Commonwealth* v. *D'Ambra,* 357 Mass. 260, 264 (1970).

5. There was no error in the admission in evidence of a photograph of the victim's bedroom wherein .22 caliber cartridges appeared on a table. Nor was there error in the

admission of the cartridges themselves. The transcript makes it clear that the photograph had been properly authenticated (see *McKarren* v. *Boston & N. St. Ry.*, 194 Mass. 179 [1907]; *Commonwealth* v. *Lombardo*, 2 Mass. App. Ct. 387, 391 [1974]), and that the chain of custody of the cartridges had been sufficiently established (see *Commonwealth* v. *Hogg*, 365 Mass. 290, 294-295 [1974]). Furthermore, in light of expert testimony to the effect that the bullet which killed the victim and these cartridges were of the same specific "golden bullet" type, the evidence placing the cartridges in the apartment which the defendant was sharing with the victim at the time of the shooting cannot be deemed irrelevant.

6. It was competent for a police officer to testify to the appearance of the clothing of the defendant and his brother, which he observed contained red stains. This was material which had probative value in view of the testimony of the victim's daughter, the only eyewitness to the crime, that she saw blood where her mother fell and that the defendant and his brother carried the body of the victim from the apartment.

7. The defendant attacks the evidence of the Commonwealth which detailed the endeavors to secure the brother Carlos as a witness, but it would appear that such evidence was proper in the face of the possible inference which the jury might draw that he had not been produced because his testimony would be unfavorable to the prosecution.

8. The judge properly denied the defendant's motion to reduce the charge of murder in the second degree to manslaughter. Here there was evidence that the defendant entered the room with a gun and, without provocation to generate a sudden passion, shot the victim. "When the killing is caused by the intentional use of a deadly weapon, there arises the presumption of malice aforethought, as that term has long been understood and applied in this Commonwealth." *Commonwealth* v. *Kendrick*, 351 Mass. 203, 209-210 (1966). See *Commonwealth* v. *Festa*, 369 Mass. 419, 424 (1976); *Commonwealth* v. *Talbert*, 357 Mass. 146, 148 (1970), and cases cited. On the facts as

they might have appeared to the jury this was not reducible to a manslaughter charge. The jury's verdict was supported by the evidence and there was no error in the denial of the motion.

9. A review of the transcript would indicate no error in denying the defendant's motion for a new trial. Other assignments of error alleged by the defendant are not valid or worthy of discussion.

10. Consonant with our duty under G. L. c. 278, § 33E, we have thoroughly examined the entire record and see no reason to invoke our powers to vary the verdict.

*Judgment affirmed.*