COMMONWEALTH *vs.* MICHAEL FLAHERTY. October 5, 1981. The defendant has appealed from the denial of his application to a single justice of this court for a reduction in his bail. The defendant is charged with murder in the first degree. A Superior Court judge fixed bail at $200,000 with surety. The single justice declined to reduce the amount of the bail but did permit the defendant to satisfy bail by producing "the so-called 'cash equivalent.'"

The single justice did not abuse his discretion in denying a reduction in the amount of bail. See *Commesso* v. *Commonwealth*, 369 Mass. 368, 374 (1975). The preference for personal recognizance set forth in G. L. c. 276, § 58, as amended through St. 1978, c. 478, § 286, does not apply to "an offense punishable by death." We accept the legislative judgment that the benefits of the bail reform act should not be extended to a person charged with murder in the first degree. The decision of this court in

---

*District Attorney for the Suffolk Dist.* v. *Watson,* 381 Mass. 648 (1980), holding the death penalty to be unconstitutional, does not warrant the conclusion that G. L. c. 276, § 58, should now be construed to give a statutory preference for personal recognizance where the charge is murder in the first degree.

Considering the defendant's argument in terms of his constitutional right not to be subject to excessive bail (Eighth Amendment to the United States Constitution; art. 26 of the Declaration of Rights of the Constitution of the Commonwealth), and even considering the defendant's argument as if the statutory preference for personal recognizance were applicable to him, we conclude that the denial of a reduction in bail was appropriate. Three codefendants had already been convicted of murder in the first degree in a separate trial concerned with the death of the victim. The defendant had been convicted of an escape from the Suffolk County house of correction at Deer Island in 1977 and of attempted escape from the Massachusetts Correctional Institution, Concord, in 1978. A third charge of attempted escape from Bridgewater State Hospital in 1980 was pending at the time of the hearing before the single justice. The defendant had a record of defaults on eight separate dates. These circumstances would have justified granting no bail at all. Thus, the fact that the defendant was indigent and could not meet the bail imposed adds nothing to the defendant's claim.

*Judgment affirmed.*

The case was submitted on briefs.
*P. J. Piscitelli* for the defendant.
*Charles J. Hely,* Assistant District Attorney, for the Commonwealth.