EMMETT L. SNOW *vs.* COMMONWEALTH. May 1, 1989. *Practice, Criminal*, Bail.

Emmett L. Snow (defendant), was arrested on August 29, 1988, and charged with murder in the first degree. Bail was set at $100,000, with surety, or $10,000 cash. The defendant was indicted for murder in the first degree. At his arraignment, bail was set in the same amount. The defendant was not able to post bail and remained at the Charles Street jail.

On December 15, 1988, the assistant district attorney represented to a judge in the Superior Court that she had received a telephone call from the grandmother of a pregnant woman named Felisha Branch, a friend of the defendant. According to the prosecutor's representation, Branch told her grandmother that Branch received a collect telephone call from the defendant from the Charles Street jail. During the conversation, the defendant told Branch that his mother would soon post bail and then he would kill Branch, her child, and her boy friend. On the basis of the assistant district attorney's representation, the judge increased the bail to $500,000, with surety, or $50,000 cash. The defendant appealed to the single justice session for Suffolk County. The single justice denied the defendant's petition for review of bail. See G. L. c. 211, § 3 (1986 ed.). The defendant appeals. There was no error.

The defendant concedes that the preference for personal recognizance and other provisions set forth in G. L. c. 276, § 58 (1986 ed.), do not apply to him because he is charged with murder in the first degree. *Commonwealth* v. *Flaherty*, 384 Mass. 802 (1981). "Since the statute does not apply, the question of bail for a person charged with murder in the first degree is a matter of discretion." *Abrams* v. *Commonwealth*, 391 Mass. 1019 (1984), citing *Commonwealth* v. *Carrion*, 370 Mass. 408, 410-411 (1976). The defendant argues that the judge abused his discretion by basing his decision to increase bail on "double hearsay representations made by the district attorney." Hearsay statements may be used by a judge in reaching a decision concerning the amount of bail. See, e.g., *United States* v. *Perry*, 788 F.2d 100, 106 (3d Cir. 1986). *United States* v. *Fortna*, 769 F.2d 243, 251 (5th Cir. 1985). See also P.J. Liacos, Massachusetts Evidence 63 (5th ed. 1981). The judge did not abuse his discretion by relying on the prosecutor's oral representations in deciding to increase bail in order to protect Branch and others. Nevertheless, the Bail Committee of the Superior Court may want to consider a rule requiring written statements from witnesses or police officers in cases where an increase in bail is requested because of allegations of the defendant's conduct.

The denial of the defendant's petition to reduce bail is affirmed.

*So ordered.*

*Willie J. Davis* for the defendant.

*Deborah E. Breen*, Assistant District Attorney, for the Commonwealth.