**STATE of Vermont
v. Rolf HUSEBOE**

[607 A.2d 1140]

No. 92-089

March 13, 1992. Defendant's bail was revoked pursuant to 13 V.S.A. § 7575(5). On January 13, 1992, defendant was arraigned on a charge of simple assault and was released on conditions, including a condition that he not contact the complaining witness. On February 10, 1992, he was arraigned on another charge of assaulting the complaining witness. Since this second charge arose out of an incident that occurred after the imposition of conditions of release in connection with the first charge, defendant was also charged with violation of conditions of release. The district court found probable cause for the later charges pursuant to V.R.Cr.P. 5(c). On February 10, 1992, the same judge who found probable cause on the second assault charge revoked defendant's bail on the first assault charge. No evidence was taken by the court at that bail revocation hearing.

Defendant argues, and we agree, that his bail was revoked without the hearing required by the bail revocation statute. Bail may be revoked, pursuant to 13 V.S.A. § 7575(5), if a judge finds the accused has, "in violation of a condition of release, been charged with a . . . crime against a person or an offense like the underlying charge, for which, after a hearing, probable cause is found." Upon a finding of probable cause under V.R.Cr.P. 5, a defendant may request a hearing to review the finding, but the finding may be made solely on affidavits and sworn statements. V.R.Cr.P. 5(h). Compliance with Rule 5 is not sufficient for the hearing required for bail revocation under 13 V.S.A. § 7575(5). See *Hohman v. Hogan*, 474 F. Supp. 1290, 1296 (D. Vt. 1979) (defendant's conditional release pending appeal was improperly revoked without the opportunity to present evidence and to know the factual basis for the revocation).

For this reason, we remand this matter to the district court for a hearing in compliance with 13 V.S.A. § 7575 on the question of probable cause, at which defendant will have an opportunity to present evidence on the issue. On remand, as in *State v. Pray*, No. 91-560 (Vt. unpublished op. January 28, 1992), "we direct the court to consider the threshold issue whether a probable cause standard is sufficient to revoke bail or whether a higher standard of proof is required and whether reasonable alternatives to bail revocation, if any, are relevant to the exercise of discretion to revoke bail."

*Reversed and remanded for further proceedings on the issue of release pending appeal.*