2015 VT 13

**STATE of Vermont v. Scott H. BROOKS**

[___ A.3d ___]

No. 02-175

¶ 1. May 8, 2002. Defendant Scott Brooks appeals from a decision revoking his bail. On appeal, defendant argues: (1) that our decision in *State v. Sauve*, 159 Vt. 566, 621 A.2d 1296 (1993), requires that the State present live witness testimony and not affidavits; (2) that the court can revoke bail for violation of conditions only if the violation constitutes a threat to the integrity of the judicial system as to the same case in which bail was imposed; and (3) that, as an alternative to revoking bail, the court should have released defendant into the custody of his mother. We conclude that the court's order is supported by the proceedings below and affirm.

¶ 2. The facts are taken from the trial court's findings and are supported by the record. On February 4, 2002, defendant was arraigned in district court on a charge of unlawfully sheltering a runaway child under eighteen years of age. The court released him with conditions, including that he not have any contact with persons under the age of eighteen. After conditions were set, the State alleges that on March 28, 2002, defendant threatened a seventeen year old girl, P.P., after he found out that P.P. told state police detectives that defendant had sexually assaulted her when she was thirteen years old. Defendant drove past P.P. a number of times and stated "you're fucking getting it, pig" and "you ain't nothing but a snitch," while raising one fist in the air and punching his other hand with it. On April 2, 2002, defendant threatened P.P. again by driving past her and calling her a "pig." Later that day, P.P. gave a sworn statement to a state police detective, in which she stated that defendant had threatened her that day and on March 28 and that defendant intimidated her and made her afraid to testify against him.

¶ 3. The next day, defendant's bail was revoked pursuant to 13 V.S.A. § 7575. Eight days later, the court held a hearing to review the revocation of bail. At the hearing, defendant and the State each called two witnesses and had the opportunity to cross-examine each other's witnesses. In addition, during the hearing the State promised to submit P.P.'s sworn statement for the court's consideration. On April 15, the court affirmed the revocation of bail based on two subsections of 13 V.S.A. § 7575. First, the court found that

defendant intimidated and harassed P.P., an alleged victim and potential witness, in violation of § 7575(1). In addition, the court found that defendant violated § 7575(3) by intimidating P.P. in violation of his bail conditions and making her fear reprisal if she testified, which constituted a threat to the integrity of the judicial system.

¶ 4. On appeal, defendant argues that the State should not have been permitted to submit P.P.'s sworn statement for the court's review because defendant did not have the opportunity to cross-examine P.P. Defendant relies on *State v. Sauve*, where the defendant's bail was revoked without the opportunity for either party to present live testimony. In *Sauve*, the judge merely examined the court's files and determined that the defendant would not comply with his conditions of release. Finding this insufficient, we held that findings for a § 7575 revocation "must be based on more than affidavits and sworn statements; rather, defendant must have a hearing with an opportunity to present evidence." *Sauve*, 159 Vt. at 577, 621 A.2d at 1303. Defendant interprets this holding to mean that P.P.'s sworn statement was inadmissible because he did not have the opportunity to cross-examine her.

¶ 5. In *Sauve*, we merely held that a hearing must be based on more than affidavits and sworn statements. *Id.* We have never held that the trial court may not consider a sworn statement if the State has also presented live witnesses. Furthermore, we find no authority outside Vermont for the proposition that defendant has the right to cross-examine all witnesses in a pretrial nonjury hearing. In fact, all authority is to the contrary. See 3 W. LaFave et al., Criminal Procedure § 12.1(d), at 747 (2d ed. 1999) ("The receipt of information at a bail hearing is much more informal than the taking of evidence at a criminal trial. . . . [S]tate practice is in accord. However, this should not be taken to mean that information must be accepted by the court without regard to its reliabil-

ity."); *Snow v. Commonwealth*, 537 N.E.2d 578, 579 (Mass. 1989) ("Hearsay statements may be used by a judge in reaching a decision concerning the amount of bail."); *State v. Poulicakos*, 559 A.2d 1341, 1342-43 (N.H. 1989) (state may proceed by proffer of evidence); *Bates v. Ogata*, 482 P.2d 153, 155 (Haw. 1971) (in nonjury hearing of limited scope, like bail hearing, "question as to whether any particular evidence may be considered, and whether it is sufficient, must ultimately be determined on a case by case basis"). Defendant here had the opportunity to present witnesses, and he took full advantage of that. He also had the opportunity to cross-examine the live witnesses that the State presented, including the police detective who took P.P.'s statement. More important, he did not insist on P.P.'s presence at the hearing or subpoena her for that purpose.

¶ 6. The trial court weighed P.P.'s statement along with the rest of the live testimony. We conclude that it acted within its discretion in doing so.

¶ 7. Defendant urges us to exclude the sworn statement of P.P. because it contains several "inaudible" notations and because it was transcribed from tape without any opportunity for P.P. to edit it. The missing words from the inaudible portion of the tape do not undermine the core of P.P.'s allegations. Indeed, the quality of this evidence is superior to a hearsay statement of an officer reporting what the witness said to her. Moreover, in this case, the witness would have to recant her allegation to change the substance of the statement. We conclude that the court could rely on the statement.

¶ 8. Defendant also argues that the court could not revoke his bail based on his threats to P.P. because § 7575 authorizes revocation of bail only where a defendant violates a condition of release as to the same case in which bail was imposed. Because P.P. is not the runaway that he is accused of harboring and she is not a witness in that case, defendant argues that the court may not consider

his threats against her in determining whether or not to revoke his bail. Section 7575(1) authorizes revocation of bail if an accused has intimidated or harassed a victim in violation of a condition of release. Section 7575(3) likewise authorizes revocation if the accused violates a condition of release which constitutes a threat to the integrity of the judicial system. In *Sauve*, we said that when a complaining witness fears reprisal as a result of the accused harassing her, then the integrity of the judicial system is threatened. 159 Vt. at 574, 621 A.2d at 1301. Here, defendant P.P., a minor, in violation of the condition of release which restricted defendant from contacting minors. The record supports that, as a result of defendant's threats, P.P. fears reprisal if she continues to cooperate with the police in their investigation of defendant's possible sexual misconduct with P.P. In fact, P.P. initially refused to cooperate with the police after she was first threatened by defendant on March 28. We agree with the district court that even though the threat to the judicial process was created in a case different from the one in which the conditions were set, the threat to the judicial process is no less severe than if the threat were made against a witness in the same case.

¶ 9. Finally, defendant argues that he should have been released on further conditions and placed in the custody of his mother. In this case, based on its findings, the court had to ensure that defendant would not threaten the integrity of the judicial process. The trial court considered this alternative in its written order, but rejected it because defendant's mother is his co-defendant in the case alleging harboring a runaway. We find no error.

*Affirmed.*