2015 VT 15

**STATE of Vermont v. Anthony DEYO**

[___ A.3d ___]

No. 03-232

¶ 1. May 23, 2003. Defendant Anthony Deyo appeals the trial court's order revoking his bail pursuant to 13 V.S.A. § 7575. The trial court found that by driving through the alleged victim's neighborhood in Charlestown, New Hampshire, defendant had violated the terms of his release prohibiting him from traveling out of Windham or Windsor counties without written permission from the court and from associating with or harassing the alleged victim, his daughter. Defendant argues that the State provided insufficient evidence to uphold the trial court's findings that he violated his conditions of release. In the alternative, defendant argues that revocation of bail was improper because other less restrictive means were available to the trial court, including "warning the defendant, clarifying and tightening conditions of release, or recommending that the complaining witness obtain a stay away order from Family Court." We affirm.

¶ 2. Section 7575 establishes that "[t]he right to bail may be revoked entirely if the judicial officer finds that the accused has: (1) intimidated or harassed a victim . . . ; or (2) repeatedly violated conditions of release; or (3) violated a condition or conditions of release which constitute a threat to the integrity of the judicial system . . . ." The trial court found that by driving past the alleged victim's current residence and other Charlestown locales where she might be found, such as her previous bus stop, the defendant had vio-

lated his conditions of release and triggered revocation of bail under § 7575.

¶ 3. Pursuant to 13 V.S.A. §'7556(b), we review the trial court's decision to ensure that it is supported by the record. The trial court's decision to amend defendant's conditions of release "shall be affirmed if it is supported by the proceedings below." *Id.* § 7556(b). We held in *State v. Sauve*, 159 Vt. 566, 577, 621 A.2d 1296, 1302 (1993), that "in order to have bail revoked, the State must prove that defendant violated conditions of release by a preponderance of the evidence." While the evidence is not undisputed, having reviewed the transcript of the bail revocation hearing, we find that the State met its burden of proving by a preponderance of the evidence that Anthony Deyo committed the acts that were the basis for the court's decision to revoke his bail. Because we find that the evidence is sufficient to affirm the trial court's determination on the basis of 13 V.S.A. § 7575(1), we do not reach the issue of whether bail could also be revoked pursuant to § 7575(2) or § 7575(3).

¶ 4. Defendant argues that even if the allegations that he had been in Charlestown were true, such a violation of his conditions of release would not reach the "magnitude" calling for bail revocation under § 7575(1), providing for the revocation of the right to bail when the accused has "intimidated or harassed a victim . . . in violation of a condition of release." Defendant asserts that the complaining witness failed to testify to more than having been "scared" by repeated sightings of defendant and that under these circumstances the trial court could not properly find that defendant had "intimidated" or "harassed" the alleged victim in the manner proscribed by § 7575(1). The record includes testimony that after seeing defendant the alleged victim would be "physically shaking" and "screaming." The alleged victim gave a written statement dated March 19, 2003

in which she wrote, "I want to be able to go outside again w/o being scared that he might try to take off w/ me, or something else." As the trial court noted, the defendant's only motive for violating his conditions of release by traveling to Charlestown could be to harass the alleged victim in this matter. The record provides adequate support for the trial court's finding that defendant's actions harassed and intimidated the alleged victim.

¶ 5. Defendant makes much of the fact that allegations that the defendant was seen in Charlestown on April 13, 2003 formed the "linchpin" of the trial court's decision to revoke bail even though the State's motions requesting that defendant's right to bail be revoked was based on a violation occurring on March 16, 2003. Because we find no objection to the introduction of evidence about the April 13, 2003 violation in the transcript, we consider only whether the trial court's consideration of this evidence amounted to plain error affecting substantial rights of the defendant even though not brought to the attention of the court below. V.R.Cr.P. 52(b); see *State v. Caron*, 155 Vt. 492, 510, 586 A.2d 1127, 1137 (1990) ("We will not review claims raised initially on appeal unless they amount to plain error."); *State v. Veburst*, 156 Vt. 133, 138, 589 A.2d 863, 866 (1991) ("We will find plain error only in the rare and extraordinary case where the error is obvious and so grave and serious that it strikes at the very heart of a defendant's constitutional rights . . . ."). We find no plain error in the trial court's consideration of testimony about defendant's activities on April 13, 2003. Even assuming arguendo that the testimony was improperly admitted, the trial court's written opinion includes findings and conclusions regarding the defendant's March 16, 2003 appearance in Charlestown sufficient to sustain the order.

¶ 6. Finally, defendant argues that even if we find there was sufficient evidence to uphold the trial court's findings that he

violated his conditions of release, the trial court erred in revoking his right to bail rather than taking less restrictive steps. While we agree that other less restrictive measures were at the trial court's disposal, 13 V.S.A. § 7575 does not require the trial court to attempt any intermediate steps but allows bail to be revoked when a defendant has engaged in activity that triggers the statute. The trial court did not err in its application of the statute.

*Affirmed.*