NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 36

No. 2016-053

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Bennington Unit, |
| | Criminal Division |
| | |
| Jeremy Gates | March Term, 2016 |

David A. Howard, J.

Robert F. Plunkett, Bennington County State's Attorney, and Jonathan Ward, Law Clerk, Bennington, for Plaintiff-Appellee.

Sara Puls, Appellate Defender, Montpelier and Katherine M. Lamson, Public Defender, Bennington, for Defendant-Appellant.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **DOOLEY, J.** Defendant appeals from a February 1, 2016 ruling of the superior court revoking his right to bail under 13 V.S.A. § 7575 after repeated violations of conditions of release (VCRs). Defendant contends that the trial court ruled on inadequate grounds, without making the necessary findings, and based on probable cause affidavits, rather than on an independent determination by a preponderance of direct evidence required for bail revocation. We reverse and remand.

¶ 2. In December 2014, defendant was charged with felony extortion, domestic assault, and unlawful mischief in the amount of $250 or less following an incident involving his mother (Docket No. 1158-12-14 Bncr). The facts pertaining to that incident are as follows. Defendant's mother was the representative payee for defendant's social security disability

benefits. Defendant, who suffers from severe cognitive disabilities, went to his mother's residence in a motel called the Iron Kettle to pick up money from his social security disability check. When she refused to give him money, he threatened to harm and kill her. On December 5, 2014, defendant was arraigned on these charges and released on conditions, including a condition prohibiting him from contacting his mother or entering onto the property of the Iron Kettle. This docket remains pending.

¶ 3.     Between December 2014 and January 2016, defendant was charged with several new crimes—retail theft, unlawful trespass, identity theft, prescription fraud, welfare fraud, petit larceny, grand larceny, false pretenses, and obstruction of justice—as well as seventeen VCRs for going onto the premises of the Iron Kettle or for having contact with his mother or both (Docket Nos. 127-2-15 Bncr, 201-3-15 Bncr, 290-4-15 Bncr, 313-4-15 Bncr, 344-4-15 Bncr, 402-5-15 Bncr, 523-6-15 Bncr, 594-7-15 Bncr, 694-8-15 Bncr, 801-9-15 Bncr, 1028-10-15 Bncr, 1059-11-15 Bncr, 1084-11-15 Bncr, 6-1-16 Bncr, 57-1-16 Bncr). The trial court has found probable cause to support each of these charges. In each case, defendant was released subject to conditions of release.

¶ 4.     On January 29 of this year, following defendant's most recent VCR charge, the trial court held an evidentiary hearing on bail revocation under 13 V.S.A. § 7575. Section 7575 provides

> The right to bail may be revoked entirely if the judicial officer finds that the accused has:
>     (1) intimidated or harassed a victim, potential witness, juror or judicial officer in violation of a condition of release; or
>     (2) repeatedly violated conditions of release; or
>     (3) violated a condition or conditions of release which constitute a threat to the integrity of the judicial system; or
>     (4) without just cause failed to appear at a specified time and place ordered by a judicial officer; or
>     (5) in violation of a condition of release, been charged with a felony or a crime against a person or an offense like the underlying charge, for which, after hearing, probable cause is found.

¶ 5. The State presented affidavits from two police officers; one stated the officer had probable cause to believe defendant had committed petit larceny and two counts of contempt of court and another from a different officer that described events that the State averred showed probable cause to believe defendant had violated his conditions of no trespass and no contact. The latter officer appeared at the hearing and testified about the alleged VCR, stating that he had found defendant in his brother's room at the Iron Kettle on January 18, after observing defendant's mother outside the room. Defendant called his mother, who testified that she had contact with defendant on January 18 but it was incidental, that she was not afraid of defendant, and that he had not done anything in the case to influence her or persuade her not to assist the police and the prosecution.

¶ 6. On February 1, the court orally found, by a preponderance of the evidence, that defendant had violated conditions of release ten or eleven times. Although not all of these had been proved by the State, the court indicated it would take judicial notice of defendant's "pending charges and the dates of his alleged offenses." The court also found mother's testimony not "terribly credible" and concluded that defendant's continued contact with mother "had an effect on her original case." The court determined this effect, combined with defendant's felony charge for obstruction of justice by threatening to let the air out of the tires of one of the prosecutors' car, had a detrimental impact on the integrity of the judicial system. Concluding that defendant had breached three of the prongs of § 7575—repeated VCRs, felony charges, and violating a condition that constitutes a threat to the integrity of the judicial system— the court revoked defendant's bail.

¶ 7. This appeal followed.[1] Defendant has two primary arguments: (1) that revoking defendant's constitutional right to release pending trial violates Chapter II, § 40 of the Vermont Constitution and is not justified under any prong of 13 V.S.A. § 7575, because the trial court

_____

[1] The parties first stipulated that this appeal could be heard by a single Justice. It was then referred by that Justice to the full Court.

ruled based on probable-cause determinations in the VCR dockets, and made no finding based on a preponderance of the evidence; and (2) that the revocation of the right to release was not supported under §7575(2) as the State did not put on any evidence of repeated VCRs or demonstrate threat to the integrity of the judicial system as required by State v. Sauve, 159 Vt. 566, 621 A.2d 1296 (1993). Defendant also argues that the State submitted no evidence regarding defendant's felony charges at the evidentiary hearing and that, even if they had, none of those charges were a violation of a condition of release where the defendant is also charged with a felony or a crime against a person or an offense like the underlying charge. See 13 V.S.A. § 7575.

¶ 8. Section 7556(b) requires us to affirm the lower court's ruling "if it is supported by the proceedings below." 13 V.S.A. § 7556(b). Because the decision to hold defendant without conditions of release lacks support in the record, we reverse.

¶ 9. We begin by noting that except in "very limited and special circumstances where the State's interest is legitimate and compelling, a court may not deny bail in the face of the constitutional right." State v. Blackmer, 160 Vt. 451, 456, 631 A.2d 1134, 1137 (1993) (citing Sauve, 159 Vt. at 573-74, 621 A.2d at 1301). The Constitution does not explicitly address what the State must show to authorize the court to revoke conditions of release. See Vt. Const. ch. II, § 40. In 13 V.S.A. § 7575, the Legislature attempted to fill the gap by establishing grounds for revocation by statute. In State v. Sauve, we considered a challenge to the statute with defendant arguing that revocation of conditions of release was not allowable under the constitutional provision in instances where conditions of release could not be denied in the first instance. We held that revocation of conditions of release was allowable under the Vermont Constitution if the grounds for revocation were based on a compelling and legitimate state interest. Sauve, 159 Vt. at 573-74, 621 A.2d at 1301. We concluded that a palpable threat to the judicial process—for example, to prevent a destruction of evidence or intimidation or endangerment of a witness—

4

would constitute a compelling and legitimate state interest.  Id. at 574, 621 A.2d at 1301.  Based on that conclusion, we ruled that the grounds specified in § 7575(1) and (3) met the constitutional standard.  We further ruled, however, that the grounds specified in § 7575(2) were not sufficient alone to meet the constitutional standard.  That subsection allows revocation for "repeatedly violated conditions of release."  We held that to justify a revocation on that ground there must also be "a disruption of the prosecution."  Sauve, 159 Vt. at 576, 621 A.2d at 1302.  Sauve does not address the requirements for revocation based upon either § 7575(4) or (5).

¶ 10.    In Sauve, we also addressed the burden and method of proof in a revocation situation.   We held that findings that conditions of release have been violated "must be made by a preponderance of the evidence" and based on "more than affidavits and sworn statements"— defendant must have a hearing, with the opportunity to both hear and present direct evidence.  159 Vt. at 577, 621 A.2d at 1303; see also State v. Brooks, 2015 VT 13, ¶ 5, 196 Vt. 604, __ A.3d __ (mem.) (issued May 2002) (noting a trial court may consider a sworn statement "if the State has also presented live witnesses").[2]

¶ 11.    The trial court found that there were grounds for revocation in three subsections of § 7575: (1), (2) and (3).  At least impliedly, the court found that (5) also provided a ground for revocation.  We consider each in turn.

## I.        Section 7575(1)

¶ 12.    Under § 7575(1), revocation is authorized if the court finds that a defendant "intimidated or harassed a victim, potential witness, juror or judicial officer in violation of a condition of release."   In finding a violation of § 7575(1), the trial court relied upon its evaluation of the testimony and behavior of defendant's mother, as well as the officer's

---

[2]    Unlike three-Justice panel decisions under the summary procedures specified in Vermont Rule of Appellate Procedure 33.1, see V.R.A.P. 33.1(c), three-Justice bail decisions pursuant to 13 V.S.A. § 7556(e) have not been specified as non-precedential and are now published in Vermont Reports.  All earlier decisions were published in 2015 and assigned sequential numbers reflecting the date of publication rather than the date of issuance.  Thus, State v. Brooks is cited by the number assigned in 2015 on publication although it was issued in 2002.

testimony that defendant was at the Iron Kettle, and had contact with his mother, during the January 2016 incident in violation of his conditions of release. The court did not believe the mother's testimony that the contact was incidental, even though mother testified that she entered a room occupied by defendant's brother, saw defendant was present in the room and then immediately left. The court was concerned that mother's testimony indicated that she was recanting her complaints about the underlying violent incident in 2014 and was unwilling to inform the police when defendant violated his conditions of release by coming to the Iron Kettle. From the court's evaluation of mother's testimony, it apparently drew the conclusion that defendant had intimidated her. There was, however, no evidence of intimidation.

¶ 13. The situation in this case is similar in substance to that in State v. Sauve, where defendant had been living with the victim in a romantic relationship which ended with incidents of domestic violence that were the basis of the criminal charges. As in this case, there was evidence of multiple incidents of contact with the victim in violation of conditions of release, but the victim did not express fear of defendant. We held that defendant could not be held without bail for the last incident of contact, Sauve, 159 Vt. at 569, 621 A.2d at 1298, and revocation of conditions of release could not be grounded on § 7575(1) because "the court did not find that the complaining witness was harassed and intimidated; it found only that she was 'in danger of contact by the defendant.' " Id. at 574, 621 A.2d at 1301. As in this case, the court did not find that the victim feared reprisal for her testimony.

¶ 14. We recognize that the court referenced defendant's multiple charges for violation of conditions of release involving his presence at the Iron Kettle and contact with the victim. We also recognize that for each charge, the file contains an affidavit of probable cause of a police officer. Assuming that the court could have relied on these affidavits in making its findings, it did not appear to actually do so, and, in any event, we do not find in them direct evidence of intimidation.

6

¶ 15. In summary, we cannot conclude that the court's findings were sufficient to support its conclusion that defendant had violated § 7575(1) so as to revoke his conditions of release.

## II. Section 7575(2)

¶ 16. Under § 7575(2), revocation is authorized for "repeatedly violated conditions of release." As we discussed above, Sauve held that repeated violation of conditions of release alone is not sufficient to meet the right-to-bail standard of Chapter II, § 40 of the Vermont Constitution; the State must also show that the violations disrupted the prosecution of the underlying crime. Sauve, 159 Vt. at 576, 621 A.2d at 1302. We can assume that the State presented sufficient evidence to show repeated VCRs, an assumption defendant challenges. Its case on this prong of § 7575 fails for the same reason as its case on § 7575(1) failed. There is no finding of nexus between the VCRs and the disruption of the prosecution, if such a disruption has occurred, and the evidence supporting a connection is very weak. We cannot conclude that § 7575(2) authorizes revocation of defendant's conditions of release.

## III. Section 7575(3)

¶ 17. C. § 7575(3): This prong authorizes revocation if defendant "violated a condition or conditions of release which constitute a threat to the integrity of the judicial system." The trial court found that defendant violated this prong of § 7575 for the same reasons as it found a violation of § 7575(1), with one additional reason. We conclude that the reasons supporting its decision to revoke under § 7575(1), which we found inadequate above, are also inadequate to revoke under § 7575(3), and our analysis above applies. We turn then to the additional reason.

¶ 18. The trial court found that defendant's conduct constituted a threat to the integrity of the judicial system based on the State's charge that defendant had obstructed justice by threatening to let the air out of the tires of the car of one of the prosecutors. It is unclear how the court found that the conduct was a violation of a condition of release but, as we note below under

7

§ 7575(5), a condition on his release for the 2014 charges was that he not be charged with an additional crime for which probable cause was found, and the obstruction of justice charge created a violation of that condition. Although it is without question that threats of any kind involving an officer of Vermont charged with upholding the constitution are out of line, we must conclude that there was a failure of proof with respect to the use of the obstruction of justice charge and an absence of necessary findings.

¶ 19.   Sauve holds that "findings that bail conditions have been violated must be made by a preponderance of the evidence." 159 Vt. at 577, 621 A.2d at 1303. Thus, to conclude that defendant violated § 7575(3), the court must find by a preponderance of the evidence that defendant violated the bail condition and the violation constituted a threat to the integrity of the judicial system. In this case, a finding of violation of a condition of release is easily shown because the violation consists of the criminal charge alone, without a finding that the conduct actually occurred, as long as the court found probable cause that the conduct occurred at the time the charge was filed. We also concur that conduct that constitutes an obstruction of justice is a threat to the integrity of the judicial system. However, probable cause alone cannot meet the proof requirement of Sauve. The State must prove by a preponderance of the evidence that defendant committed the crime of obstruction of justice. In this case, the court found only that defendant was charged with obstruction of justice, not that he committed the act which constitutes the crime. The court's finding is inadequate to show a violation of § 7575(3).

¶ 20.   We also emphasize that there was a failure of proof as well as an absence of findings. The State argues that we can find the necessary proof in the affidavit in support of the finding of probable cause for the obstruction of justice charge. Relying in part on the memorandum decision in State v. Huseboe, 158 Vt. 651, 607 A.2d 1140 (1992) (mem.), we held in Sauve that "findings for a § 7575 revocation must be based on more than affidavits and sworn statements; rather, defendant must have a hearing with an opportunity to present evidence." 159

Vt. at 577, 621 A.2d at 1303. The Sauve holding was explained in part in State v. Brooks, 2015 VT 13, 196 Vt. 604, a 2002 three-Justice bail decision pursuant to 13 V.S.A. § 7556(e). In Brooks, the Court held that the trial court could rely upon a sworn statement of the victim, even though the victim was not present to testify, as long as the State "also presented live witnesses." Id. ¶ 5. The main live witness at the hearing in Brooks was the police officer who took the statement from the victim.

¶ 21. In this case, the State is arguing that affidavits are admissible, and can be the basis for revocation, as long as there is live testimony about something. Here the State wants us to rely upon the affidavit in support of the charge of obstruction of justice even though the only live testimony was about the 2016 incident when an officer found defendant at the Iron Kettle. This theory would expand the use of affidavits well beyond that in Brooks and Sauve and essentially eat up the rule established in Sauve. We hold that the State had to introduce some live testimony, which could be supported by affidavits, to prove by a preponderance of the evidence that defendant committed obstruction of justice. It failed to do that.

IV.    Section 7575(5)

¶ 22. This prong is proved by a showing that "in violation of a condition of release, [defendant was] . . . charged with a felony or a crime against a person or an offense like the underlying charge, for which, after hearing, probable cause is found." As discussed above, the elements of this prong were shown by the release condition specifying defendant would not be charged with a crime for which probable cause was found, that obstruction of justice is a felony, and probable cause was found for the charge of obstruction of justice. Although Sauve did not involve this prong, the constitutional analysis of § 7575(2) in Sauve applies equally to § 7575(5). If the statutory elements were sufficient, a second qualifying charge for which probable cause is found would virtually always allow for revocation of conditions of release even though the second charge is for a bailable offense because the condition applicable here—that defendant not

9

be charged with a crime for which probable cause is found—is a standard condition virtually always imposed. The Vermont Constitution provision does not have an exception for multiple charges. Reliance on § 7575(5) in this case would be ineffective for the same reasons as we found that § 7575(2) does not support revocation.

¶ 23. For the above reasons, we cannot conclude that revocation of defendant's conditions of release is supported by the record below.

¶ 24. Although the above constitutes our decision on the revocation of conditions of release, we add our observations on the state of this case that led to the revocation decision. Defendant was charged with the main offenses over a year ago, and the case has moved very little except for the State's responses to VCRs that have become predictable. Apparently, the cause of gridlock in this case is the failure to resolve whether defendant is competent to stand trial, a significant issue because defendant has been found incompetent to stand trial for earlier alleged offenses. It is difficult to conclude that defendant's mental condition and the VCRs are not interrelated. As a result, we strongly urge the court and the parties to determine defendant's competency to stand trial as soon as possible to move the underlying case to conclusion.

¶ 25. Because revocation of defendant's bail is not supported by the record below, we reverse the trial court decision. We remand the matter to the superior court for the limited purpose of considering whether additional conditions are required under 13 V.S.A. § 7554.

The court's order holding defendant without bail is reversed, and the matter is remanded to the superior court for the limited purpose of considering whether additional conditions are required under 13 V.S.A. § 7554.

FOR THE COURT:

_____

Associate Justice

10