# ENTRY ORDER

2017 VT 97

SUPREME COURT DOCKET NO. 2017-346

OCTOBER TERM, 2017

| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Caledonia Unit |
| | } | Criminal Division |
| | } | |
| Ryan D. Stimpson | } | DOCKET NO. 298-6-17 Cacr |

Trial Judges: Elizabeth Mann,
Thomas J. Devine

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant, Ryan Stimpson, appeals the decision of the superior court to deny his motion to reconsider the revocation of his conditions of release and bail pursuant to 13 V.S.A. § 7575.  We conclude that the court's ruling was supported by the proceedings below, and we therefore affirm.

¶ 2.     The record indicates that defendant was arrested for domestic assault, 13 V.S.A. § 1042, and released with conditions on June 19, 2017.  Defendant was prohibited from having any contact with complainant, the alleged victim of his assault, and he had to stay at least 300 feet away from her person, her home, and her place of employment.  The court set no bail amount.

¶ 3.     Within an hour of his release, defendant went to complainant's place of employment and allegedly threatened to burn it down.  Three weeks later, on July 6, defendant went to complainant's home again, resulting in additional charges of domestic assault and reckless endangerment.  Allegedly, defendant drove down the road at a high rate of speed while complainant hung onto the truck, inducing her to jump out; defendant also rapidly "pursued" her with the truck while she ran into her house.  During that incident, complainant promised defendant that she would not call the police if he would return her to her home.  Ten weeks after his initial release on conditions, on August 27, defendant went to complainant's home again.  Testimony conflicted regarding that incident, but it led to four new counts of violations of conditions.  According to complainant's statement to the police, defendant had arrived without invitation and yelled at her child.  When she said she would call the police if he did not leave, he threatened to kill her, and he said that "she would pay for it and be sorry."

¶ 4.     Based on these events, the State moved to revoke conditions of release and bail pursuant to 13 V.S.A. § 7575.  The court granted the motion and revoked conditions of release and

bail on September 1, 2017. The court denied defendant's motion to reconsider on September 19, 2017. This appeal ensued.

¶ 5. The superior court found by a preponderance of the evidence that defendant violated the conditions of his release, and defendant does not contest that finding. The court further held that defendant's actions intimidated or harassed a victim or potential witness in violation of 13 V.S.A. § 7575(1), and his violations constituted a threat to the integrity of the judicial system in violation of 13 V.S.A. § 7575(3). The court based its ruling on the "quality" of the violations, which were "significant and repeated" and "of a seriously threatening nature."

¶ 6. On appeal, defendant argues that his actions have not threatened the integrity of the judicial system. He points out that his actions have not made complainant unwilling to testify; in fact, she has testified that she is not currently afraid of defendant and not afraid of testifying in the future. In his motion to reconsider the revocation of conditions and bail, defendant also argued that the court should have explored alternatives to revocation, such as stricter conditions.

¶ 7. Pursuant to 13 V.S.A. § 7556(b), we will "affirm the lower court's ruling if it is supported by the proceedings below." State v. Gates, 2016 VT 36, ¶ 8, 201 Vt. 502, 145 A.3d 233 (quotation omitted).

¶ 8. Section 7575 of Title 13 permits revocation of bail in five situations. 13 V.S.A. § 7575. The court approved the revocation of bail under § 7575(1) and § 7575(3), so we focus our analysis on those two provisions:

> The right to bail may be revoked entirely if the judicial officer finds that the accused has:
>
> (1) intimidated or harassed a victim, potential witness, juror or judicial officer in violation of a condition of release; or . . .
>
> (3) violated a condition or conditions of release which constitute a threat to the integrity of the judicial system . . . .

13 V.S.A. § 7575.

¶ 9. We construe § 7575 in light of Vermont's constitutional right to bail, which we have interpreted as restricting the statute's reach. See Vt. Const. ch. II, art. 40; see also State v. Sauve, 159 Vt. 566, 570, 621 A.2d 1296, 1299 (1993). Vermont's Constitution provides:

> Excessive bail shall not be exacted for bailable offenses. All persons shall be bailable by sufficient sureties, except as follows:
>
> (1) A person accused of an offense punishable by death or life imprisonment may be held without bail when the evidence of guilt is great.

(2) A person accused of a felony, an element of which involves an act of violence against another person, may be held without bail when the evidence of guilt is great . . . .

Vt. Const. ch. II, art. 40. Unlike the federal Constitution, which requires only that bail not be "excessive," the Vermont Constitution begins with an "explicit guarantee" of "bail as a matter of right." U.S. Const. Amend. VIII (alteration omitted); Sauve, 159 Vt. at 571, 621 A.2d at 1299 (alterations omitted). Only in "very limited and special circumstances where the State's interest is legitimate and compelling" may the court "deny bail in the face of the constitutional right." Gates, 2016 VT 36, ¶ 11 (quotation omitted).

¶ 10. Consequently, a court may revoke bail under § 7575 only when the facts indicate a "palpable threat to the judicial process—for example, to prevent a destruction of evidence or intimidation or endangerment of a witness." Id. ¶ 9. Such a threat "would constitute a compelling and legitimate state interest." Id. Bail may never be revoked based on "a breach of conditions alone." Sauve, 159 Vt. at 570, 621 A.2d at 1298. Nor may the court revoke bail only "because [defendant] may endanger the public." Id. "Preventive detention . . . [is] never an acceptable reason to deny bail." Id. In sum, the court may not revoke conditions of release and bail pursuant to § 7575 unless the court finds by a preponderance of the evidence that (1) defendant violated the conditions of release, and (2) the violations "constituted a threat to the integrity of the judicial system." Gates, 2016 VT 36, ¶ 19.

¶ 11. The proceedings below demonstrate defendant engaged in repeated, severely threatening actions against an alleged victim and potential witness in violation of § 7575(1) and (3). As the superior court found, the nature of defendant's actions—their violence and repetition—indicate a significant threat to the integrity of this judicial proceeding. We recognize defendant's argument that complainant has equivocated in her testimony regarding the violations and that she has testified to her lack of fear. But we, like the superior court, do not base our holding on the complainant's "subjective perception of fear." Our focus is the threat defendant's actions posed to the judicial process. As the superior court stated, "[E]ven if she wasn't afraid of him, she might not be here in the courtroom today testifying" if "defendant had been able to run complainant over with his truck, as he apparently endeavored to do . . . ." Similarly, in domestic violence cases, equivocating testimony is common; the record shows that complainant was afraid of defendant "within the recent past," and "while [complainant] today is not afraid of defendant, that could change tomorrow and, likewise, her ability and willingness to testify." Moreover, although complainant appears to have minimized the July and August incidents in her September testimony, she nonetheless affirmed that the events happened. In short, defendant's actions severely endangered the alleged victim and potential witness. Such serious, repeated, threatening violations justify revocation of bail under § 7575(1) and (3) and the Vermont Constitution.

¶ 12. This ruling is consistent with our previous opinions. For example, in State v. Plant, we upheld revocation of conditions of release when the violation was a threatened murder-suicide. 165 Vt. 617, 618, 686 A.2d 941, 941 (1996) (mem.). In State v. Brooks, we upheld revocation of conditions of release when the defendant violated a condition that he not have contact with minors by yelling at a minor, calling her a "snitch" and a "pig," driving by her repeatedly, and punching his hand with his fist, after she told police that he had assaulted her. 2015 VT 13, ¶¶ 1-3, 196 Vt. 604, __ A.3d __ (mem.). In State v. Deyo, we upheld revocation of conditions of release when

the violation was driving through the alleged victim's neighborhood, causing her to be "scared" and "physically shaking" and "screaming." 2015 VT 15, ¶¶ 1, 4, 196 Vt. 606, __ A.3d __ (mem.). The circumstances here are dramatically different from those in which we have rejected revocation of conditions of release. See, e.g., Gates, 2016 VT 36, ¶¶ 1, 12 (rejecting revocation of conditions of release when violation was "incidental" contact with victim); State v. Winn, 2008 VT 123, ¶¶ 1-2, 4, 184 Vt. 639, 964 A.2d 1178 (mem.) (rejecting revocation of conditions of release when violation was breaking curfew by sitting outside on a tractor); Sauve, 159 Vt. at 566, 568-69 (rejecting revocation of conditions of release when violation was trespassing).

¶ 13. The State has a legitimate and compelling interest in preserving the integrity of the judicial process, and the court may deny bail under the Vermont Constitution and § 7575 when a defendant's violations of conditions of release constitute a "palpable threat to the judicial process." Gates, 2016 VT 36, ¶ 9. The proceedings below support the trial court's finding that defendant's "repeated" and "seriously threatening" actions toward the alleged victim and potential witness constitute such a threat. Accordingly, we affirm the superior court's ruling.

¶ 14. Although defendant did not renew on appeal his argument that the superior court should have explored alternatives to revocation, we note our agreement with the court that defendant's actions indicate a "pattern of conduct . . . [such that] there really is no condition or combination of conditions that he would respect or follow." In addition, § 7575 does not require the court to take less restrictive steps where revocation is justified. Deyo, 2015 VT 15, ¶ 6.

Affirmed.

BY THE COURT:

 

Paul L. Reiber, Chief Justice

☒ Publish

☐ Do Not Publish

Beth Robinson, Associate Justice

 

Karen R. Carroll, Associate Justice

4