2008 VT 123

**STATE of Vermont v. John WINN**

[964 A.2d 1178]

No. 08-321

Present: **Johnson, J.**

¶ 1. August 27, 2008. Defendant appeals from an August 12, 2008 ruling of the district court denying his motion to review the court's July 18, 2008 order that he be held without bail. Defendant contends that, given the district court's findings, there is no lawful justification for his being held without bail. We agree, and reverse.

¶ 2. The facts and procedural history of this case are as follows. On the evening of June 4, 2007, defendant shot and killed two people. Defendant was arrested and charged with two counts of second degree murder under 13 V.S.A. § 2301; count one was later amended to aggravated murder under § 2311(a)(4). Defendant was arraigned and held without bail. Defendant moved for a review of bail, and on June 22, 2007, the court considered that motion at the rearrangment on the amended information. In ruling on defendant's motion, the court considered whether to hold defendant without bail pursuant to § 7553, which authorizes holding without bail persons charged with offenses carrying life imprisonment "when the evidence of guilt is great." 13 V.S.A. § 7553. The court opted instead to bail defendant under § 7554, ruling:

> I think it's a close case whether or not the State's case has shown that evidence of guilt is great. It's a very close case. I think it can go either way, but I'm going to set bail . . . and other conditions.

Pursuant to § 7554, the court set bail at $35,000 cash or surety and required defendant to abide by, among others, the following condition: "Curfew: Def[endant] shall abide by a twenty four hour curfew except for regularly scheduled, court, att[orne]y & medical emerg[ency] appointments . . . ." Defendant posted bail and was released from jail.

¶ 3. This curfew condition would become the subject of much litigation over the following weeks. Defendant had some trouble finding housing upon his release from jail; in the approximately two weeks subsequent to his release, his attorney notified the court of no less than four different addresses. On July 9, 2007, the State charged defendant with one count of violating the curfew condition under § 7559(e) in connection with one of the changes in residence. On the same day, the court issued an order clarifying the twenty-four-hour curfew requirement, specifying that it required defendant "to be inside the residence of 1906 Sweet Hollow Road at all times unless he is going to Court, att[orne]y & medical emerg[ency]." The State later dismissed the charge, apparently due to the ambiguity of the curfew condition as articulated by the court on June 22 as applied to changes in residence. On July 11, the court held a hearing to consider one in a series of defendant's motions to review conditions of release, at which it again emphasized that defendant was to remain inside the residence at all times, and that he was not to do work outside the house on the lawn or garden. In his quest for authorization to, among other things, perform yard work, defendant appealed the curfew condition to this Court on July 17, 2007. We affirmed, ruling that "the record support[ed] the trial court's decision to limit defendant's mobility and, in effect, to place defendant under house arrest." *State v. Winn*, No. 2007-274, slip op. at 2 (Vt. July 27, 2007) (unreported mem.).

¶ 4. On July 16, 2008, after nearly a year had passed following our decision on

appeal, defendant was arrested and charged with one count of violating the twenty-four-hour curfew condition under § 7559(e) for being on the lawn outside the residence of 1906 Sweet Hollow Road on a tractor. At his arraignment on July 18, 2008, defendant pled not guilty to the violation-of-condition charge, and the court granted the State's motion to hold defendant without bail on the underlying murder charges. The court did not make any factual findings in connection with its ruling, but simply explained that, while it customarily "g[ave] people one chance at violation . . . before clamping down," the underlying offense was very serious, and the curfew condition "was litigated and emphasized and reemphasized."

¶ 5. Defendant filed a motion to review bail, and the court held a hearing on the motion on August 4, 2008. At the hearing, defendant argued that in light of the court's June 22, 2007 finding that " '[it was] a close case whether or not the State's case has shown that evidence of guilt is great,' " there was no "provision under the law to hold [defendant] without bail." No evidence was submitted by the parties.

¶ 6. On August 12, 2008, the court denied defendant's motion and ordered that he continue to be held without bail. In its written decision, the court recounted the lengthy history of defendant's bail status, emphasizing the clarity with which the district court, and this Court, had articulated the curfew condition as precluding defendant from exiting the residence of 1906 Sweet Hollow Road to, among other things, mow the lawn. The court then ruled "that in view of [d]efendant's apparent inability to comply with conditions despite explicit warnings from the Court, the decision to hold [d]efendant without bail is appropriate and justified." Save for its comments on the clarity of the curfew condition, the court did not make any factual findings in connection with its ruling, nor did the court indicate under which provision of the law it was holding defendant without bail. Defendant appealed.

¶ 7. Section 7556(b) requires us to affirm the district court's decision "if it is supported by the proceedings below." 13 V.S.A. § 7556(b). As the court's decision to hold defendant without bail lacks support in the record, we reverse.

¶ 8. It is unclear — even in the context of the record as a whole — under which provision of the law the court held defendant without bail subsequent to his being charged with violation of the curfew condition.

¶ 9. The first possibility is that the court held defendant without bail under § 7553, which, as noted, authorizes holding persons who have been charged with crimes punishable by life imprisonment "when the evidence of guilt is great." 13 V.S.A. § 7553. Both of the charges defendant faces — aggravated murder and second degree murder — are punishable by life imprisonment. 13 V.S.A. §§ 2311(c), 2303. The court did not explicitly find, however, that the evidence of guilt was great, as it would have had to do for its hold-without-bail order to comply with § 7553. See *State v. Memoli*, 2008 VT 85, ¶ 5, 184 Vt. 564, 956 A.2d 575 (mem.) (A "defendant may not be held without bail under § 7553 unless the district court explicitly finds that the evidence of guilt is great."). Moreover, as also noted, at defendant's first bail-review hearing, the court expressly *declined* to find that the evidence of guilt was great, and therefore bailed defendant in accordance with § 7554(a) ("Any person charged with an offense, other than a person held without bail under section 7553 or 7553a of this title, shall at his or her appearance before a judicial officer be ordered released pending trial in accordance with this section."). The record plainly does not support an order holding defendant without bail under § 7553.[*]

---

[*] The State argues that the court is empowered to hold defendant without bail by virtue of his having been charged

¶ 10. The second, and more likely, possibility, is that the court revoked defendant's right to bail altogether under § 7575. Section 7575 provides in pertinent part as follows:

> The right to bail may be revoked entirely if the judicial officer finds that the accused has:
>
> (1) intimidated or harassed a victim, potential witness, juror or judicial officer in violation of a condition of release; or
>
> (2) repeatedly violated conditions of release; or
>
> (3) violated a condition or conditions of release which constitute a threat to the integrity of the judicial system; or
>
> (4) without just cause failed to appear at a specified time and place ordered by a judicial officer; or
>
> (5) in violation of a condition of release, been charged with a felony or a crime against a person or an offense like the under-

---

under § 7559(e), which provides that "[u]pon commencement of a prosecution [under § 7559(e)], the court shall review, in accordance with section 7554 of this title, and may continue or modify conditions of release or *terminate release of the person.*" 13 V.S.A. § 7559(e) (emphasis added). As the section's statutory cross-reference indicates, § 7559(e) does not provide a basis for holding a defendant without bail independent from that already contained in § 7554. Rather, § 7559(e) requires the court to re-evaluate the conditions in place in connection with the underlying conviction upon prosecution under the section. Section 7554(a) entitles persons not held under § 7553 or § 7553a to be bailed. Section 7553a is inapplicable to this case, and, as we have already explained, the record does not support holding defendant under § 7553.

lying charge, for which, after hearing, probable cause is found.

### 13 V.S.A. § 7575

¶ 11. The district court's order was also inadequate under § 7575. The court did not find either that defendant repeatedly violated conditions of release or that defendant violated a condition falling under § 7575(1), (3), (4), or (5), to say nothing of its failure to address the additional requirements we imposed upon revocation of bail under § 7575 in *State v. Sauve,* 159 Vt. 566, 576-77, 621 A.2d 1296, 1302 (1993) (requiring that the State prove violations by a preponderance of the evidence, and that the court find that there is a nexus between such violations and a disruption of the prosecution to hold without bail under § 7575(2)). The single violation of conditions alleged here — no matter how clear the conditions are — cannot, without more, support revocation of the right to bail under § 7575 in this case.

¶ 12. Because no evidence was submitted by the parties at the August 4, 2008 bail-review hearing, the record is inadequate to support a hold-without-bail order under either provision on remand, and reversal is appropriate. We remand the matter to the district court for the limited purpose of considering whether additional conditions are required under § 7554. We note that, should defendant's bail be put at issue again, in light of the court's implicit June 22, 2007 finding that the evidence of guilt was not great, the State must produce new evidence to support a decision either holding defendant without bail under § 7553 or revoking his right to bail under § 7575.

*The district court's order holding defendant without bail is reversed, defendant is to be released forthwith, and the conditions in place immediately prior to his July 16, 2008 citation under § 7559(e) are reinstated. The matter is remanded to the district court for the limited purpose of considering whether additional conditions are required under § 7554.*