**ENTRY ORDER**

2020 VT 67

SUPREME COURT DOCKET NO. 2020-189

JULY TERM, 2020

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windsor Unit, |
| | } | Criminal Division |
| | } | |
| Brent Dean Booker, Jr. | } | DOCKET NO. 53-1-20 Wrcr |

Trial Judges:  Elizabeth D. Mann,
John R. Treadwell

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant appeals the trial court's denial of his motion for release on conditions pursuant to 13 V.S.A. § 7554.  Because there was no basis for a hold-without-bail order in this proceeding, we reverse and remand.

¶ 2.     The following facts are undisputed.  In January 2020, following a weight-of-the-evidence hearing pursuant to 13 V.S.A. § 7553a in a docket that is not the subject of this appeal, defendant was released on conditions.  The next day, defendant allegedly violated these conditions, resulting in four misdemeanor charges: two counts of violation of conditions of release, 13 V.S.A. § 7559(e); one count of possessing a narcotic drug, 18 V.S.A. § 4234(a)(1); and one count of simple assault on a protected professional, 13 V.S.A. §§ 1023(a)(1), 1028(a)(1).  The State expressed in the information that it was bringing criminal contempt charges pursuant to 13 V.S.A. § 7559(e), asking that defendant be held without bail on that basis, or, alternatively, that it was willing to serve as prosecutor for criminal contempt charges under Vermont Rule of Criminal Procedure 42. The State also indicated that it had filed a motion to reconsider defendant's release on conditions in the prior docket and that its request to hold defendant without bail in this docket would be moot if that motion were granted.

¶ 3.     Following arraignment on the misdemeanor charges, the court ordered defendant held without bail.  The court acknowledged that a defendant would not normally be held without bail on misdemeanor charges.  But given that defendant had incurred these additional charges less than twenty-four hours after his release on conditions in the other docket, "the court did not believe there [were] any conditions that could be set that would reasonably assure public safety at that point in time."  The court ordered defendant held without bail "based upon there being a contempt proceeding being initiated."

¶ 4.     On March 31, 2020, defendant moved for release on conditions, stating that he had asthma and that his incarceration during the COVID-19 pandemic created an unjustifiable risk in violation of the Eighth Amendment to the U.S. Constitution.  He also argued that release was appropriate under 13 V.S.A. § 7554.  Initially, the matter was consolidated with other proceedings in which defendants sought release due to pandemic-related concerns.  The court later ordered an individualized status conference for this case.  This conference was held before a different judge from the one at arraignment, and the judge asked on what basis defendant was being held without bail.  The State represented that it did not know, but defendant may have been held without bail at arraignment based on 13 V.S.A. § 7553a or § 7575.  Defense counsel asserted that defendant was held without bail pursuant to 13 V.S.A. § 7559(e).  Following the status conference, the court denied defendant's motion in a written order on July 9, reasoning that defendant must have been held pursuant to § 7575 because he could not have been held pursuant to § 7553a or § 7559(e).  The court further reasoned that, given that the court at arraignment had found a basis for revoking bail pursuant to § 7575, COVID-related concerns could not disturb that decision.  Defendant appealed.

¶ 5.     On appeal, defendant argues that (1) he has a right to release under the Vermont Constitution and § 7554 because his misdemeanor charges do not fall within one of the enumerated exceptions to the accused's right to bail, and (2) the court did not have statutory authority to hold defendant without bail because it did not commence criminal contempt charges against him and did not find that his charges met the criteria of § 7575.  The State concedes that "the court did not state grounds upon which bail could be revoked or terminated under 13 V.S.A. § 7559(e) or § 7575" when it ordered defendant held without bail at his arraignment.  It construes the court's hold-without-bail order as granting the State's motion to reconsider the weight of the evidence in the prior docket and argues that, on that basis, the court's order was proper.

¶ 6.     This Court will uphold a trial court's order to hold a defendant without bail "if it is supported by the proceedings below."  13 V.S.A. § 7556(b); see also State v. Stimpson, 2017 VT 97, ¶¶ 1, 7, 205 Vt. 642, 178 A.3d 1018 (mem.) (upholding trial court's denial of defendant's motion to reconsider revocation of bail pursuant to 13 V.S.A. § 7575 because court's decision was supported by proceedings below).

¶ 7.     A defendant charged with a criminal offense is entitled to release on conditions pursuant to 13 V.S.A. § 7554 unless one of two exceptions applies: (1) the offense charged is punishable by life imprisonment, id. § 7553, or (2) the offense charged is a felony that involves an act of violence, id. § 7553a.  See 13 V.S.A. §§ 7553, 7553a, 7554 (directing court to make certain findings prior to ordering defendant held without bail or released on conditions); see also Vt. Const. ch. II, § 40 (establishing right to release on conditions and its two exceptions).  Additionally, if a defendant has the right to bail, that right may be revoked pursuant to 13 V.S.A. § 7575 (listing various findings that can support revocation of right to bail).

¶ 8.     As the State concedes, defendant was not charged in this docket with an offense as described in § 7553 or § 7553a, and defendant's right to bail was not revoked pursuant to § 7575.  Therefore, on this record defendant is bailable, and there is no basis to hold him without bail.  Accordingly, we reverse and remand for a bail-review hearing in which the trial court should promptly consider defendant's motion for release according to the factors set forth in § 7554.

¶ 9.     The State also concedes that defendant cannot be held without bail under § 7559(e). It is clear that no criminal contempt proceeding was commenced against defendant, as there was no written notice setting forth the criminal contempt charge or other information required by Vermont Rule of Criminal Procedure 42.  Additionally, we have held that § 7559(e) cannot "provide a basis for holding a defendant without bail independent from that already contained in § 7554." State v. Winn, 2008 VT 123, ¶ 9 n.*, 184 Vt. 639, 964 A.2d 1178 (mem.).

¶ 10.    To the extent it makes it now, we reject the State's argument that the State's motion to reconsider the trial court's ruling on the weight of the evidence in the prior docket was somehow renewed, restated, or revived in the current docket.  Our jurisdiction is limited to this appeal.  The State's motion to reconsider was filed in a separate docket.  Neither that motion nor any order that issued in that docket is before us.

<u>Reversed and remanded for further proceedings consistent with this opinion</u>.

BY THE COURT:

_____

Paul L. Reiber, Chief Justice

_____

Beth Robinson, Associate Justice

_____

William D. Cohen, Associate Justice