VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      22-AP-348

## <u>ENTRY ORDER</u>

DECEMBER TERM,   2022

State of Vermont v. William Danforth II*        }    APPEALED FROM:
                                                }    Superior Court, Bennington Unit,
                                                }    Criminal Division
                                                }    CASE NO. 21-CR-09872
                                                     Trial Judge: Kerry Ann McDonald-Cady

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the criminal division's continuation of bail in the amount of $50,000 and addition of condition (13), preventing defendant from possessing deadly weapons. Defendant also challenges the court's determination that it is without the necessary authority to review the Department of Correction's (DOC) revocation of defendant's participation in the home-detention program. We affirm the continuation of monetary bail in the amount of $50,000 and the addition of condition (13) prohibiting defendant from possessing deadly weapons. We reverse the criminal division's determination that it is without authority to review a revocation of home detention under 13 V.S.A. § 7554b and remand for further findings consistent with this order.

Defendant was arrested on November 16, 2021, and charged with five felony crimes, all of which contain an element of violence. Defendant was released contingent on several conditions, including that he stay away from the alleged victim and appear at his arraignment the next day. He failed to appear, and an arrest warrant was issued, resulting in defendant's rearrest on January 11, 2022. At arraignment, the criminal division held defendant without bail pursuant to 13 V.S.A. § 7553a pending a weight-of-the-evidence hearing. After the hearing, the court issued a written decision continuing to hold defendant without bail pursuant to 13 V.S.A. § 7553a, which allows a person to be held without bail prior to trial in certain circumstances. See also Vt. Const. ch. II, § 40. On March 16, 2022, defendant filed a motion to review bail, alleging that he was entitled to release under 13 V.S.A. § 7553b(b), which provides that if the trial is not commenced within 60 days and the delay is not attributable to the defense, the court must schedule a hearing and set bail.

A bail review hearing was held, and the court struck the hold-without-bail order, setting bail in the amount of $100,000. Defendant remained incarcerated because he was unable to meet the monetary bail requirement. Defendant moved for home detention and DOC prepared a home-detention report for the court's review pursuant to 13 V.S.A. § 7554b(b). Defendant's initial motions for home detention were denied, but a renewed motion was granted on May 25, 2022. After defendant was approved for home detention, his conditions were modified by stipulation to allow for employment as well as running regular errands. Defendant procured such employment at the Pleasant Valley Tree Farm in Bennington, Vermont, and his supervisor described defendant as a dependable and good employee.

On November 18, 2022, DOC determined that defendant's GPS monitoring unit failed to make a connection with the server due to a lack of charge. Defendant was contacted by DOC and instructed to report to Probation and Parole, where his home-detention status was revoked, and he was returned to Marble Valley Correctional Facility for inability to post the $100,000 bail imposed by the court. Defendant then filed an emergency motion to review bail with the criminal division on the grounds that there had been a material change in circumstances. Defendant sought an order from the criminal division returning him to the home-detention program, or, alternatively, striking the monetary bail requirement and releasing him on conditions. The court held a hearing on November 28, 2022, and issued a written order on December 9, 2022, granting and denying defendant's request in part.

In evaluating defendant's motion, the court meticulously outlined each factor required by 13 V.S.A. § 7554(b) and first evaluated defendant's risk of flight and then the need for reasonable protection of the public. It determined that the nature and seriousness of the offense, the weight of the evidence, and defendant's noncompliance with the home-detention conditions militated in favor of continuing the imposition of monetary bail to lessen defendant's risk of flight. In contrast, it also found that defendant's employment, residence in the community, and near complete compliance with home-detention conditions until DOC's revocation favored the amount of bail being reduced, but not eliminated. The court therefore reduced monetary bail to $50,000.

Turning to its analysis of conditions necessary to protect the public and incorporating its findings from its risk-of-flight analysis, the court continued the conditions preventing defendant from coming into contact with the complainant. Pursuant to these findings, it also imposed a condition that defendant not "purchase, possess or have any firearms or deadly weapons" outside of his place of employment. Regarding defendant's request to return him to the home-detention program, the court concluded that it lacked the authority to review DOC's decision to revoke defendant's participation in home detention, reasoning that the statute provides DOC with sole discretion. The court directed defendant to seek relief from the civil division pursuant to Rule 75 of the Vermont Rules of Civil Procedure. This timely appeal followed.

Defendant now argues that the criminal division abused its discretion in continuing monetary bail in the amount of $50,000 because it failed to support its order with findings that defendant poses a risk of flight. Additionally, defendant asserts that imposing any cash bail exceeds the least restrictive condition for ensuring his appearance and is clear error where the court found no "significant risk of flight." He also argues that the addition of a condition preventing him from possessing deadly weapons was an abuse of discretion where it was not

requested by either party or supported by record evidence. Finally, defendant asserts that the criminal division erred in its determination that 13 V.S.A. § 7554b did not provide the court with authority to review DOC's revocation of his participation in the home-detention program, pointing to the court's considerable discretion in setting conditions of release.

On appeal from an order setting conditions of release, we must uphold the trial court order if it is "supported by the proceedings below." 13 V.S.A. § 7556(b); State v. Booker, 2020 VT 67, ¶ 7, 212 Vt. 661 (mem.). "Although the superior court's discretion under § 7554 is broad, its decision cannot be arbitrary." State v. Cassinell, No. 2021-187, 2021 WL 4101704, *3 (Vt. Sept. 3, 2021) (unpub. mem.) [https://perma.cc/Y87R-BL27]. Questions of law, however, we review de novo. State v. Collins, 2017 VT 85, ¶ 8, 205 Vt. 632 (mem.).

Defendant argues that he was entitled to a presumption of release pursuant to 13 V.S.A. § 7554 where the trial court did not find him to be a "significant risk of flight."* Defendant further argues that any imposition of cash bail or surety bond would not be the least restrictive means of ensuring his appearance as required by statute.

Here, the court properly weighed all the factors regarding whether he was a flight risk before imposing conditions, including the monetary bail. The court recognized the seriousness of the charges, with defendant facing up to seventy years of incarceration if convicted, as well as the nature and circumstances of the alleged crime, involving more than one incident of domestic violence. The court also acknowledged the strength of the State's cases against defendant in finding the evidence of guilt is great. As related to these factors, the court found that defendant was charged with five violent felonies, the alleged circumstances of which were egregious. The evidence presented at the weight-of-the-evidence hearing support that the evidence of guilt was great based on the extent of the victim's injuries and the course of events leading up to them. "[T]he overriding issue in this case is the seriousness of the offense and the facts and circumstances of the offense. These factors create a risk of flight from prosecution." State v. Rougeau, 2019 VT 18, ¶ 10, 209 Vt. 535.

Defendant additionally argues that the imposition of condition (13), prohibiting him from possessing deadly weapons, is reversible error because it infringes on a liberty interest without being requested or supported by evidence. The court has broad discretion to impose conditions of release both to ensure appearance as well as protect the public. 13 V.S.A. § 7554(a)(2)(D) (allowing imposition of "any other condition found reasonably necessary to protect the public"). The condition is well supported by the record below, which alleges defendant's constant threats toward the victim and use of a firearm to batter her. See State v. Humphries, No. 2016-046, 2022 WL 981925, *2 (Vt. Mar. 31, 2022) (unpub. mem.) [https://perma.cc/D5J2-26HC] (upholding condition prohibiting weapon possession where the alleged crime involved "having committed an act of domestic violence in close physical proximity to a firearm"). Therefore, the

---

* In addition, the criminal division was unaware of, and did not consider, defendant's failure to appear at his arraignment after he was released on conditions following his initial arrest. This only provides further support for the criminal division's conclusion that he presented a flight risk.

imposition of condition (13) preventing defendant from possessing a deadly weapon was supported by the record in this case.

Finally, defendant argues that the criminal division erred in holding that it lacked the authority to review DOC's revocation from the home-detention program. He argues that because the authority to set conditions remains with the court, that authority necessarily extends to reviewing DOC's decision to revoke a defendant's participation in the home-detention program. The State counters that this Court is without jurisdiction to review the criminal division's decision regarding home detention because home detention is not a condition of release that may be appealed under 13 V.S.A. § 7556. In the alternative, the State argues that if there is jurisdiction, this Court should affirm because revocation of home detention is solely under the authority of DOC and defendant's only recourse is through the civil division. The State's arguments are unpersuasive. The statutory language and entire scheme and purpose indicate that the criminal division has the authority to review DOC's decision to revoke a defendant's participation in the home-detention program.

"Issues of statutory interpretation are subject to de novo review." State v. Gurung, 2020 VT 108, ¶ 23, 214 Vt. 17. "In construing a statute, our paramount goal is to discern and implement the intent of the Legislature." State v. Berard, 2019 VT 65, ¶ 12, 211 Vt. 39. "To determine the intent, we must examine and consider fairly, not just isolated sentences or phrases, but the whole and every part of the statute, together with other statutes standing in pari materia with it, as part of a uniform statutory system." Id. "If the intent of the Legislature is apparent on the face of the statute because the plain language is clear and unambiguous, we implement the statute according to that plain language." State v. A.P., 2021 VT 90, ¶ 12. "Conversely, if the statute is ambiguous, we ascertain legislative intent through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law." Berard, 2019 VT 65, ¶ 12. Further, "we will not apply a rule of statutory construction in a way that is inconsistent with legislative intent or that creates absurd or irrational results." State v. Gundlah, 166 Vt. 518, 528 (1997). Finally, where a statute of a penal nature is ambiguous, the rule of lenity "requires any doubts created by ambiguous legislation be resolved in favor of the defendant and construed against the state." State v. Hurley, 2015 VT 46, ¶ 17, 198 Vt. 552.

In applying these rules of construction, we conclude that the statute provides authority to the criminal division to review DOC's revocation of home detention. First, it is evident from the statutory language that home detention is a condition of release and thus under court supervision. Section 7556(b) provides a defendant's right of appeal "when conditions of release have been imposed or amended." Despite the State's argument that the home-detention program is not a condition of release, we have previously recognized that "[t]he trial court already had the broad discretion to impose piecemeal the same sort of conditions now available as a whole under the home-detention statute." State v. Merriam, 2012-263, 2012 WL 5974081, at *3 (Vt. Sept. 6, 2012) (unpub. mem.). Further, we recognized in State v. Whiteway, 2014 VT 34, ¶ 19, 196 Vt. 629 (mem.), that "the home-detention provision was clearly intended as a condition of release . . . . in the context of determining that the State has standing to appeal a home detention order."

Second, the plain language supports the conclusion that DOC's revocation is reviewable by the criminal division. The State relies on the plain language of 13 V.S.A. § 7554b, which

4

reads "[DOC] may revoke a defendant's home detention status for . . . failure to comply with any other condition of the program." The State contends that this language solely invests DOC with the authority to revoke a defendant's home detention. While the plain language certainly provides some authority to DOC regarding revocation, the plain language does not provide that this decision is unreviewable by the court. 13 V.S.A. § 7554b(c). If the Legislature had intended DOC to have sole discretion over revocation decisions, it could have made that explicit, just as it had done in subsection (a) of the same statute, where it left scheduling changes "solely at the discretion of [DOC]." Id. § 7554b(a). Furthermore, it makes little sense for the Legislature to invest the authority of granting home detention to the criminal division without allowing the court discretion to review that decision. It is more likely that the purpose behind 13 V.S.A. § 7554b(c) was to allow DOC to detain a defendant who violated conditions immediately without the need to petition the court.

The plain language of the statute also does not support the State's assertion that defendant's avenue for challenging DOC's revocation of home detention is through the civil division pursuant to Vermont Rule of Civil Procedure 75. Requiring defendants to pursue this alternate remedy is in conflict with the overall scheme of the bail statutes and overlooks the liberty interest permeating pretrial detention. State v. Lohr, 2020 VT 41, ¶ 17, 212 Vt. 289 ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). Forcing defendants to litigate their expulsion from the home-detention program in the civil division pursuant to Rule 75 effectively leaves them without a timely and effective remedy and allows DOC to impose and modify a defendant's conditions of release without court oversight.

DOC's own policy documents suggest that the discretion invested in the court over the program is considerable. An interim memo on home detention published by DOC makes clear that the role of DOC in home detention decisionmaking is merely to determine whether the "proposed residence supports the use of electronic monitoring" and that "[t]he responsibility of determining the defendant's risk appropriateness for home detention is solely within the court's discretion and is not the responsibility of the DOC." Vt. Dep't of Corr., Interim Memo to Administrative Directive #431.01 (July 1, 2018), https://doc.vermont.gov/sites/correct/files/documents/policy/home-detention.pdf [https://perma.cc/4Y2Y-MWY2]. Additionally, this memo outlines that the response to a violation should be to notify the assigned court and "[i]f the defendant is not found in violation . . . the defendant will be released back on home detention status." Id. This infers that DOC's interpretation of the statute is that the court ultimately has authority to decide whether the defendant violated the conditions of home detention.

When the statutory language and overall scheme governing pre-trial release is considered along with DOC policies and procedures regarding home detention, the logical conclusion is that the criminal division is empowered to review whether a defendant violated the conditions of home detention. To deny the court that power would be to allow it immense discretion in the initial decision, and every subsequent petition for home detention after that, but no discretion in reviewing whether home detention should be revoked. Further, it would leave defendant with no timely or effective avenue for review of a decision which would be completely divorced from the oversight of the courts and leave defendant with only an illusory opportunity for due process. This was clearly not the intention of the Legislature in placing the home detention provision

within the statutory scheme governing conditions of release.  See <u>Merriam</u>, 2012 WL 5974081, at \*3 ("That home detention involves a defendant's being 'released' is evident from the provision's placement within the overall bail and recognizance statutory framework . . .").

For the forgoing reasons, we affirm the criminal division's continuation of monetary bail in the amount of $50,000 as well as the addition of condition (13) prohibiting defendant from possessing deadly weapons.  We reverse the criminal division's determination that it was without the authority to review DOC's decision to revoke defendant's participation in the home-detention program and remand for additional proceedings consistent with this order.

<u>Reversed and remanded for further proceedings consistent with this order</u>.


FOR THE COURT:


_____
Nancy J. Waples, Associate Justice